David Grisman et al v. UMG Recordings Inc et al

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

MAY 3 1 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

11  David Grisman, et al.,      ) Case No. **CV 07-2921-VBF(MANx)**
                                )
12                  Plaintiff,  ) **STANDING ORDER**
                                )
13       v.                     )
                                )
14  UMG Recordings, Inc., et    )
    al.,                        )
15                              )
                                )
16              Defendants.     )
    ───────────────────────────

17  **READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE AND ADDS TO**

18  **THE LOCAL RULES.  COUNSEL FOR PLAINTIFF SHALL IMMEDIATELY**

19  **SERVE THIS ORDER ON ALL PARTIES, INCLUDING ANY NEW PARTIES TO**

20  **THE ACTION.  IF THIS CASE WAS REMOVED FROM STATE COURT, THE**

21  **DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER ON ALL**

22  **OTHER PARTIES.**

24       This case has been assigned to the calendar of Judge

25  Valerie Baker Fairbank.

26       Both the Court and counsel bear responsibility for the

27  progress of litigation in federal court.  To "secure the

28  just, speedy, and inexpensive determination" of this case,

DOCKETED ON CM

JUN - 1 2007        15

Dockets.Justia.co

1  Fed. R. Civ. P. 1, all counsel are ordered to become familiar

2  with the Federal Rules of Civil Procedure ("Rule __ ") and the

3  Local Rules of the Central District of California ("Local

4  Rule __ ").

5      IT IS SO ORDERED:

6      **1.   Service of the Complaint**

7      The plaintiff shall promptly serve the complaint in

8  accordance with Rule 4 and file the proofs of service

9  pursuant to Local Rule 5-3.1.

10      **2.   Presence of Responsible Counsel**

11      Counsel thoroughly familiar with the case, responsible

12  for the conduct of the litigation, and who has authority to

13  enter into stipulations and other agreements shall attend any

14  proceeding before this Court, including all scheduling,

15  status and settlement conferences.  Lead counsel who will be

16  trying the case must attend the final pretrial conference(s).

17      **3.   Parties' Planning Meeting Pursuant to Rule 26(f)**

18      By no later than 21 days before the scheduling conference

19  and report of the meeting, counsel for all appearing parties

20  and all unrepresented appearing parties, if any, shall meet,

21  in person, and discuss the matters set forth in Fed. R. Civ.

22  P. 26(f)(1) - (4) as well as those items below.

23      By no later than 14 days before the scheduling

24  conference, counsel for all appearing parties and all

25  unrepresented appearing parties, if any, shall file a joint

26  **"REPORT OF PARTIES' PLANNING MEETING"** which shall (1) be so

27  labeled, (2) state the date of the Scheduling Conference set

28

by the Court, and (3) address not only those subjects in Rule

25(f)(1) - (4) but also the following:

    a.    The basis for subject matter jurisdiction;

    b.    Concise statement of the factual and legal basis of the claims and defenses;

    c.    Prospects of the parties exercising their right under 28 U.S.C. Section 636 to consent to the designation of a Magistrate Judge to conduct all proceedings (including trial) and final disposition pursuant to General Order 194-G.  In this regard, counsel should note that they may select any Magistrate Judge (i.e. counsel are not limited to consenting to the Magistrate Judge assigned to this case) for such purposes, as long as all parties concur and the selected Magistrate Judge is available.  Counsel should also note that the Magistrate Judges will issue their own scheduling orders, and will be able to give the parties a "date certain" for trial.

**COUNSEL SHALL DISCUSS THIS SUBJECT SPECIFICALLY WITH HIS/HER CLIENT**, and the parties' position on the report of parties' planning meeting SHALL REFLECT THE CONSIDERED AND INFORMED JUDGMENT OF THE PARTIES;

    d.    Proposed cut-off date by which all discovery shall be completed.  If the parties anticipate calling expert witnesses, they shall propose a schedule for compliance with Rule 26(a)(2) and the completion of any discovery directed at such expert witnesses;

e.     Proposed dates for Final Pre-Trial Conference and

       Trial;

f.     Major procedural or evidentiary problems, if any;

g.     Prospects of settlement and proposed (1) date and

       (2) procedure for compliance with Local Rule 16-15

       (formerly Local Rule 16.14 & 23);

h.     A realistic estimate of the number of court dates

       required to present each side's case-in-chief;

i.     Whether trial is to be by jury or by the court;

j.     The name of the attorney(s) who will actually try

       the case on the actual trial date

**11.   Discovery and Discovery Cut-off**

a.     <u>Compliance with Rule 26(a)</u>: Unless it is likely that the Court would, on motion of a party, order that any or all discovery is premature, counsel should begin actively to conduct discovery before the scheduling conference. At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and obtain and produce most of what would otherwise be produced in the early stages of discovery. At the scheduling conference, the Court will impose deadlines for completion of discovery.

b.     <u>Discovery Motions</u>: Counsel are expected to resolve discovery disputes among themselves in a courteous, reasonable, and professional manner. All discovery matters have been referred to the assigned magistrate judge, who will hear all discovery disputes. (The magistrate judge's initials follow the district judge's initials next to the case number.) All discovery documents must include the words

1 "DISCOVERY MATTER" in the caption to ensure proper routing.

2 Counsel are directed to contact the magistrate judge's

3 courtroom deputy clerk to schedule matters for hearing.

4 Counsel should not deliver courtesy copies of these documents

5 to this Court.

6     In accordance with 28 U.S.C. § 636(b)(1)(A), the Court

7 will not reverse any order of the magistrate judge, including

8 one imposing sanctions, unless it has been shown that the

9 magistrate judge's order is clearly erroneous or contrary to

10 law.

11     Any party may file and serve a motion for review and

12 reconsideration before this Court.  The moving party must

13 file and serve the motion within ten days of service of a

14 written ruling or within ten days of an oral ruling that the

15 magistrate judge states will not be followed by a written

16 ruling.  The motion must specify which portions of the ruling

17 are clearly erroneous or contrary to law and support the

18 contention with points and authorities.  Counsel shall

19 deliver a conformed copy of the moving papers and responses

20 to the magistrate judge's courtroom deputy clerk at the time

21 of filing.

22     **12.  Motions - General Requirements**

23     a.  <u>Time for Filing and Hearing Motions</u>:  Motions shall

24 be filed in accordance with Local Rule 7.  This Court hears

25 motions on Mondays, beginning at 1:30 p.m.

26     If Monday is a national holiday, motions will be heard on

27 the next Monday.  If the motion date selected is not

28 available, the Court will issue a minute order continuing the

1  date.   Opposition or reply papers due on a holiday must be

2  filed the preceding Friday - not the following Tuesday, and

3  must be hand-delivered or faxed to opposing counsel on that

4  Friday.   Professional courtesy dictates that moving parties

5  should, whenever possible, avoid filing motions for which

6  opposition papers will be due the Friday preceding a holiday.

7  Such a filing is likely to cause a requested continuance to

8  be granted.

9        Adherence to the timing requirements is mandatory for

10  Chambers' preparation of motion matters.

11        b.   Pre-filing Requirement:  Counsel must comply with

12  Local Rule 7-3, which requires counsel to engage in a

13  pre-filing conference "to discuss thoroughly . . . the

14  substance of the contemplated motion and any potential

15  resolution."   Counsel should discuss the issues to a

16  sufficient degree that if a motion is still necessary, the

17  briefing may be directed to those substantive issues

18  requiring resolution by the Court.   Counsel should resolve

19  minor procedural or other non-substantive matters during the

20  conference.

21        c.   Length and Format of Motion Papers:  Memoranda of

22  points and authorities in support of or in opposition to

23  motions shall not exceed 25 pages.   Replies shall not exceed

24  12 pages.   Only in rare instances and for good cause shown

25  will the Court grant an application to extend these page

26  limitations.   If documentary evidence in support of or in

27  opposition to a motion exceeds 50 pages, the evidence must be

28  in a separately bound and tabbed pleading and include a Table

1 of Contents. If such evidence exceeds 200 pages, the Court's

2 courtesy copy of all evidence shall be placed in a Slant

3 D-Ring binder, including a Table of Contents, with each item

4 of evidence separated by a tab divider on the right side.

5 All documents contained in the binder must be three hole

6 punched with the oversized 13/32" hole size, not the standard

7 9/32" hole size.

8 **Typeface shall comply with Local Rule 11-3.1.1. N.B. if**

9 **Times New Roman font is used, the size must be no less than**

10 **14; if Courier is used, the size must be no less than 12.**

11 Footnotes shall be in typeface no less than one size

12 smaller than text size and shall be used sparingly.

13 Filings that do not conform to the Local Rules and this

14 Order will not be considered.

15 d.   Citations to Case Law: Citations to case law must

16 identify not only the case being cited, but the specific page

17 being referenced.

18 e.   Citations to Other Sources: Statutory references

19 should identify with specificity the sections and subsections

20 referenced (e.g., Jurisdiction over this cause of action may

21 appropriately be found in 47 U.S.C. §33, which grants the

22 district courts jurisdiction over all offenses of the

23 Submarine Cable Act, whether the infraction occurred within

24 the territorial waters of the United States or on board a

25 vessel of the United States outside said waters). Statutory

26 references that do not specifically indicate the appropriate

27 section and subsection (e.g., Plaintiffs allege conduct in

28 violation of the Federal Electronic Communication Privacy

1    Act, 18 U.S.C. §2511, et seq.) are to be avoided.  Citations

2    to treatises, manuals, and other materials should similarly

3    include the volume, section, and pages being referenced.

4         f.    Oral Argument: If the Court deems a matter

5    appropriate for decision without oral argument, the Court

6    will notify the parties in advance.

7         g.    Calendar Conflicts:  Counsel are to inform opposing

8    counsel and the courtroom deputy clerk as soon as a potential

9    calendar conflict is discovered.  Counsel should attempt to

10   agree on a proposed date to accommodate the calendar conflict

11   and the schedules of the counsel and the Court.

12        h.    Telephone Inquiries:  Telephone inquiries regarding

13   the status of a motion, stipulation or proposed order will

14   receive no response.  Counsel may register for Pacer access

15   to monitor the Court's database.  See www.cacd.uscourts.gov >

16   General Information > Pacer Access.  Counsel are referred to

17   the Court's website at www.cacd.uscourts.gov > Judges'

18   Procedures and Schedules > Hon. Valerie Baker Fairbank for

19   further information regarding procedures and preferences.

20        9.    **Specific Motion Requirements**

21        a.    Motions Pursuant to Rule 12:  Many motions to

22   dismiss or to strike can be avoided if the parties confer in

23   good faith (as required under Local Rule 7-3), especially for

24   perceived defects in a complaint, answer or counterclaim that

25   could be corrected by amendment.  See Chang v. Chen, 80 F.3d

26   1293, 1296 (9th Cir. 1996) (where a motion to dismiss is

27   granted, a district court should provide leave to amend

28   unless it is clear that the complaint could not be saved by

1 | any amendment).  Moreover, a party has the right to amend the

2 | complaint "once as a matter of course at any time before a

3 | responsive pleading is served."  Fed. R. Civ. P. 15(a).  A

4 | Rule 12(b)(6) motion is not a responsive pleading and

5 | therefore plaintiff might have a right to amend.  See St.

6 | Michael's Convalescent Hospital v. California, 643 F.2d 1369,

7 | 1374 (9th Cir. 1981); Nolen v. Fitzharris, 450 F.2d 958-959

8 | (9th Cir. 1971).  Even after a complaint has been amended or

9 | a responsive pleading has been served, the Federal Rules

10 | provide that leave to amend should be "Freely given when

11 | justice so requires."  Fed. R. Civ. P. 15(a).  See also

12 | Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079

13 | (9th Cir. 1990).

14 |      These principles require that plaintiff's counsel should

15 | carefully evaluate defendant's contentions as to the

16 | deficiencies in the complaint.  In many instances the moving

17 | party should agree to any amendment that would cure the

18 | defect.

19 |      In the unlikely event that motions under Rule 12 are

20 | filed after the scheduling conference, the moving party shall

21 | attach a copy of the challenged pleading to the memorandum of

22 | points and authorities in support of the motion.

23 |      These provisions apply as well to motions to dismiss a

24 | counterclaim, answer, or affirmative defense.

25 |      b.    Motions to Amend:  In addition to the requirements

26 | of Local Rule 15-1, all motions to amend pleadings shall: (1)

27 | state the effect of the amendment; (2) be serially numbered

28 | to differentiate the amendment from previous amendments; and

1 | (3) state the page and line number(s) and wording of any

2 | proposed change or addition of material.

3 |     The parties shall deliver to Chambers a "redlined"

4 | version of the proposed amended pleading indicating all

5 | additions and deletions of material.

6 |     c.   <u>Motions for Summary Judgment</u>:  Parties should not

7 | wait until the motion cut-off to bring motions for summary

8 | judgment or partial summary judgment.  The Court expects that

9 | the moving party will provide substantially more than the

10 | required 21 days written notice.  Because summary judgment

11 | motions are fact-dependent, parties should prepare papers in

12 | a fashion that will assist the Court (e.g., generous use of

13 | tabs, tables of contents, headings, indices, etc.).  The

14 | parties are to comply precisely with Local Rule 56-1 through

15 | 56-4.  For more detailed orders and instructions pertaining

16 | to motions for summary judgment and oppositions thereto, see

17 | Judge Fairbank's "Scheduling and Case Management Order."

18 |     **10. Proposed Orders**

19 | Each party filing or opposing a motion or seeking the

20 | determination of any matter shall serve and lodge a Proposed

21 | Order setting forth the relief or action sought and a brief

22 | statement of the rationale for the decision with appropriate

23 | citations.  If the Proposed Order exceeds two pages, the

24 | proposing party shall also submit the document on a diskette

25 | in Word or Wordperfect format (compatible with 9.0 or

26 | higher).

27 | //

28 | //

10

## 11.  Telephonic Hearings

The Court believes it is productive for counsel to appear personally at motions, scheduling conferences, etc. Therefore, it is unlikely that the Court would agree to conduct such matters by telephone in the absence of an emergency, illness or other urgent circumstance preventing counsel from appearing in person.  The attorney requesting the telephonic hearing must contact all parties involved and the courtroom deputy clerk at the earliest possible time before the date scheduled for the motion or conference to seek the Court's permission to appear by telephone and to make the necessary arrangements.  The Court may choose instead to continue the hearing.

### 12.  Ex Parte Applications

Ex parte applications are solely for extraordinary relief and are rarely justified.  See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995).  Applications must be filed in the Clerk's office. Applications that fail to conform to Local Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered.  In addition to the requirements of Local Rules 7-19 and 7-19.1, the moving party shall serve the opposing party by facsimile transmission or personal service and shall notify the opposition that opposing papers must be filed no later than twenty-four hours (or one court day) following such facsimile or personal service.  If opposing counsel does not intend to oppose the ex parte application, counsel must advise the courtroom clerk by telephone.  A

1  conformed courtesy copy of moving, opposition, or notice of

2  non-opposition papers are to be immediately hand-delivered to

3  the courtesy box outside the entrance to Judge Fairbank's

4  Chambers which is located at the end of the hallway to the

5  right of the courtroom.  The Court considers ex parte

6  applications on the papers and usually does not set these

7  matters for hearing.  The courtroom deputy clerk will notify

8  counsel of the Court's ruling or a hearing date and time, if

9  the Court determines a hearing is necessary.

10       **13.  Applications or Stipulations to Extend the Time to**

11           **File Any Required Document or to Continue Any Date**

12       No stipulation extending time to file any required

13  document or to continue any date is effective until and

14  unless the Court approves it.  Both applications and

15  stipulations must set forth:

16       a.  The existing due date or hearing date, the discovery

17  cut-off date, the last day for hearing motions, the pretrial

18  conference date and trial date;

19       b.  Specific reasons (contained in a detailed

20  declaration) supporting good cause for granting the extension

21  or continuance; and

22       c.  Whether there have been prior requests for

23  extensions, and whether these requests were granted or denied

24  by the Court.

25       The request shall be made before the date to be

26  continued.

27  //

28  //

1  **14. TROs and Injunctions**

2      Parties seeking emergency or provisional relief shall

3  comply with Rule 65 of the Fed. R. Civ. P. and Local Rule 65.

4  The Court generally will not rule on any application for such

5  relief for at least twenty-four hours after the party subject

6  to the requested order has been served; such party may file

7  opposing or responding papers in the interim.  The parties

8  shall deposit conformed courtesy copies of all papers

9  relating to TROs and injunctions in the drop box tray in the

10  entrance way to the Chambers of Judge Fairbank.

11      **15. Cases Removed From State Court**

12  All documents filed in state court, including documents

13  appended to the complaint, answers and motions, must be

14  refiled in this Court as a supplement to the notice of

15  removal, if not already included.  See 28 U.S.C. § 1447(a)

16  and (b).  If the defendant has not yet answered or moved, the

17  answer or responsive pleading filed in this Court must comply

18  with the Federal Rules of Civil Procedure and the Local Rules

19  of the Central District.  If, before the case was removed, a

20  motion was pending in state court, it must be re-noticed in

21  accordance with Local Rule 7.

22      If an action removed to this Court contains a "form

23  pleading", i.e. a pleading in which boxes are checked, the

24  party or parties that filed the form pleading must file an

25  appropriate pleading with this Court within 30 days of

26  receipt of the notice of removal.  This pleading must comply

27  with the requirements of Rules 7, 7.1, 8, 9, 10, and 11.

28  //

**16.  <u>Status of Fictitiously Named Defendants</u>**

This Court adheres to the following procedures when a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint. See 28 U.S.C. §§ 1441(a) and 1447.

a.   Plaintiff shall ascertain the identity of and serve any fictitiously named defendants before the date of the Rule 16(b) scheduling conference.  The Court generally will dismiss Doe defendants on the date of the scheduling conference, as they prevent the Court from accurately tracking its cases.

b.   If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within that period, a request to extend the time should be made at the scheduling conference.  If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 120 day period, an ex parte application requesting permission to extend the period to effectuate service may be filed with the Court.  Such application shall state the reasons therefore, and may be granted upon a showing of good cause.  The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may respond within seven calendar days of the filing of the ex parte application.  Counsel should be prepared to state the reasons why fictitiously named defendants have not been identified and served.

1    c.    If a plaintiff wants to substitute a named defendant

2 for one of the fictitiously named defendants, plaintiff shall

3 seek the consent of counsel for all defendants (and counsel

4 for the fictitiously named party, if that party has separate

5 named counsel).    If consent is withheld or denied, plaintiff

6 may apply ex parte to file an amended complaint (a separate

7 "amendment to complaint" is not permitted), with notice to

8 all appearing parties.    Each party shall have seven calendar

9 days to respond.    The ex parte application and any response

10 should comment on whether the matter should thereafter be

11 remanded to the superior court if diversity of citizenship is

12 destroyed by the addition of the newly substituted party.

13 See 28 U.S.C. § 1447(c) and (e).

14    **17.  ERISA Cases Concerning Benefit Claims**

15    The Court will hear motions to determine the standard of

16 review and the scope of the administrative record.    There

17 will be a court trial (usually confined to oral argument) on

18 the administrative record.    Counsel filing motions for

19 summary judgment or partial summary judgment on any other

20 issue must distinguish Kearney v. Standard Insurance Co., 175

21 F.3d 1084 (9th Cir. 1999) in the moving papers and explain

22 why summary judgment is not precluded.

23    **18.  Bankruptcy Appeals**

24 .    Counsel shall comply with the NOTICE REGARDING APPEAL

25 FROM BANKRUPTCY COURT issued at the time the appeal is filed

26 in the District Court.    The Court will determine whether oral

27 argument will be held.

28 //

**19. Communications with Chambers**

Counsel shall not attempt to contact the Court or its Chambers staff by telephone or by any other ex parte means. Counsel may contact the courtroom deputy clerk with appropriate inquiries.  To facilitate communication with the courtroom deputy clerk, counsel should list their e-mail addresses and their facsimile transmission numbers along with their telephone numbers on all papers.

**20. Courtesy Copies**

A conformed courtesy copy (clearly marked "courtesy copy") of all documents filed or lodged with the Court shall be delivered to the courtesy box outside the entrance to Judge Fairbank's Chambers which is located at the end of the hallway, to the right of the courtroom..  For security reasons, documents should be removed from envelopes.

**21. Compliance with Local Rules and Standing Orders**

At all stages of the proceedings, the parties and counsel are expected to comply with the Local Rules and this Court's standing orders.  Before the scheduling conference counsel shall review the Central District's Civility and Professionalism Guidelines (which can be found on the Court's website under "Attorney Information > Attorney Admissions"), which shall be the standard of conduct to which they will be expected to adhere.

**22. Notice of this Order**

Counsel for the plaintiff shall immediately serve this Order on all parties, including any new parties to the

16

1 | action.  If this case came to Court by noticed removal,

2 | defendant shall serve this Order on all other parties.

3 |

4 | DATED: May 31, 2007

5 |

_____

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

17