1   JEFFREY L. GRAUBART, CA Bar No. 42250
    info@jlgraubart.com
2   LAW OFFICES OF JEFFREY L. GRAUBART
    350 West Colorado Boulevard, Suite 200
3   Pasadena, California 91105-1855
    Telephone: (626) 304-2800
4   Facsimile: (626) 304-2807

5   BRIAN R. STRANGE, CA Bar No. 103252
    lacounsel@earthlink.net
6   GRETCHEN CARPENTER, CA Bar No. 180525
    gcarpenter@strangeandcarpenter.com
7   STRANGE & CARPENTER
    12100 Wilshire Blvd., Suite 1900
8   Los Angeles, California 90025
    Telephone: (310) 207-5055
9   Facsimile: (310) 826-3210

10   Attorneys for Plaintiffs

11

**UNITED STATES DISTRICT COURT**

12

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13

**WESTERN DIVISION**

14

15   DAVID GRISMAN and CRAIG          )   Case No.   CV 07 2921 VBF (MANx)
    MILLER, individually and collectively, )
16   and doing business as DAWG MUSIC, )   **NOTICE OF MOTION AND**
    and on behalf of all those similarly     )   **MOTION FOR LEAVE TO FILE**
    situated,                                )   **SECOND AMENDED**
17                                     )   **COMPLAINT; MEMORANDUM**
          Plaintiffs,              )   **OF POINTS AND AUTHORITIES**
18                                     )
          vs.                     )   **CLASS ACTION**
19                                     )
    WARNER MUSIC GROUP CORP.;       )   Assigned to the Honorable Valerie
20   APPLE COMPUTER, INC.;             )   Baker Fairbank, Courtroom 9
    MICROSOFT CORPORATION; AOL     )
21   MUSIC NOW, LLC; YAHOO!, INC.;   )   Hearing Date: February 25, 2008
    NAPSTER, LLC; REALNETWORKS     )   Hearing Time: 1:30 p.m.
22   DIGITAL MUSIC OF CALIFORNIA,     )   Courtroom:     9
    INC.; BUY.COM, INC.; and DOES       )
23   ONE through TEN, inclusive,         )   Action filed: May 3, 2007
                                    )   Trial date:    Not set
24           Defendants.            )
    _____ )

25

26

27

28

1 | **TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:**

2     **PLEASE TAKE NOTICE** that on February 25, 2008, at 1:30 p.m., in

3 Courtroom 9 of the above-referenced Court, located at 312 North Spring Street,

4 Los Angeles, California 90012, Plaintiffs will move the Court, and hereby do move

5 the Court, for an order granting them leave to file a second amended complaint.

6 This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 15, on

7 the ground that leave to amend is to be freely granted, this case is at a very early

8 stage, plaintiffs are acting in good faith in requesting leave to amend, there has

9 been no undue delay in filing this motion, plaintiffs have not previously sought

10 leave to amend their complaint (they have only amended once as of right),

11 defendants will not be prejudiced by the amendment, and amendment will not be

12 futile.

13     This motion is based on this notice of motion; the attached memorandum of

14 points and authorities; plaintiffs' proposed second amended complaint lodged

15 concurrently herewith; plaintiffs' reply in support of this motion; oral argument at

16 the hearing of this motion; and all other evidence and argument the Court permits

17 counsel to present at or before the hearing on this matter.

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

---

Notice of Motion and Motion for Leave to File Second Amended Complaint;
Memorandum of Points and Authorities

1       This motion is made following the conference of counsel pursuant to Local

2 Rule 7-3, which took place beginning on July 30, 2007, and on subsequent

3 occasions.[1]

4 DATED: January 11, 2008                      Respectfully Submitted,

5                                      STRANGE & CARPENTER

6

7                          By:

8                              BRIAN R. STRANGE
                             GRETCHEN CARPENTER
9                              Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20 _____

21      [1] The proposed second amended complaint lodged concurrently herewith

22 differs in some respects from the proposed second amended complaint sent to
Defendants' counsel on July 30, 2007 for consideration as to whether they would

23 stipulate to its filing. Specifically, as a result of Plaintiffs' counsel's further

24 investigation, as well as discussions with Defendants' counsel, the current
proposed second amended complaint adds some additional defendants, dismisses

25 some defendants, declines to include an additional potential representative plaintiff

26 who was considered, and clarifies some of the issues raised by Defendants in
response to the initial proposed second amended complaint. However, because the

27 current proposed second amended complaint does not resolve all of Defendants'

28 stated reasons for refusing to stipulate to the amendment, this motion is necessary.

iii
_____

Notice of Motion and Motion for Leave to File Second Amended Complaint;
Memorandum of Points and Authorities

1

**TABLE OF CONTENTS**

2   Table of Authorities   .   .   .   .   .   .   .   .   v

3   MEMORANDUM OF POINTS AND AUTHORITIES   .   .   .   1

4   I.   INTRODUCTION AND PROCEDURAL BACKGROUND   .   1

5   II.   LEAVE TO AMEND IS TO BE GRANTED LIBERALLY   .   3

6   III.   PLAINTIFFS SATISFY ALL RELEVANT CRITERIA FOR
       LEAVE TO AMEND   .   .   .   .   .   .   .   4

7

8       A.   Plaintiffs are Acting in Good Faith, There Has Been No
            Undue Delay in Filing This Motion, and Plaintiffs Have
            Not Previously Sought Leave to Amend   .   .   .   4

9

10      B.   Defendant Will Not Be Prejudiced By the Amendment   .   6

11      C.   Amendment to Allow the Addition of Rodney Franklin
            as a New Class Representative is Particularly Appropriate   6

12      D.   The Proposed Second Amended Complaint Includes
            Properly Joined Claims and Parties   .   .   .   .   7

13
    IV.   CONCLUSION   .   .   .   .   .   .   .   .   15
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Motion and Motion for Leave to File Second Amended Complaint;
Memorandum of Points and Authorities

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3

*DCD Programs, Ltd. v. Leighton,*
833 F.2d 183 (9th Cir. 1987) ............................................................. 5

4

*Desert Empire Bank v. Insurance Co. of North America,*
623 F.2d 1372 (9th Cir. 1980) .................................................. 13, 14

5

6

*Directv, Inc. v. Hosey,*
289 F. Supp. 2d 1259 (D. Kan. 2003) ............................................ 9

7

*Dougherty v. Mieczkowski,*
661 F. Supp. 267 (D. Del. 1987) .................................................... 9

8

9

*Eminence Capital v. Aspeon, Inc.,*
316 F.3d 1048 (9th Cir. 2003) ................................................... 4, 6

10

*Foman v. Davis,*
371 U.S. 178 (1962) .................................................................... 4, 6

11

12

*Harriss v. Pan American World Airways, Inc.,*
74 F.R.D. 24 (N.D. Cal. 1977) ..................................................... 7

13

14

*Kedra v. City of Philadelphia,*
454 F. Supp. 652 (D. Pa. 1978) .................................................. 12

15

*Kuechle v. Bishop,*
64 F.R.D. 179 (N.D. Ohio 1974) ................................................ 10

16

*League to Save Lake Tahoe v. Tahoe Regional Planning Agency,*
558 F.2d 914 (9th Cir. 1977) ........................................................ 9

17

18

*Lee Way Holding Company v. Capital Conveyor,*
104 B.R. 881 (Bkrtcy. S.D. Ohio 1989) ...................................... 10

19

20

*M.K. v. Tenet,*
216 F.R.D. 133 (D.D.C. 2002) .................................................... 13

21

*Mesa Computer Utility, Inc. v. Western Un. Comp. Utility, Inc.,*
67 F.R.D. 634 (D. Del. 1975) ........................................................ 8

22

23

*Mosley v. General Motors Corp.,*
497 F.2d 1330 (8th Cir. 1974) ........................................... 9, 11, 12

24

*Nor-Tex Agencies, Inc. v. Jones,*
482 F.2d 1093 (5th Cir. 1973) ................................................ 10, 12

25

26

*Rosenburg Brothers & Co. v. Arnold,*
283 F.2d 406 (9th Cir. 1960) ....................................................... 4

27

*Satterwhite v. City of Greenville,*
634 F.2d 231 (5th Cir. 1981) ........................................................ 7

28

*Scott v. Fairbanks Capital Corp.*,
284 F. Supp. 2d 880 (S.D. Ohio 2003) .............................................. 12

*Slaven v. BP America, Inc.*,
190 F.R.D. 649 (C.D. Cal. 2000) ....................................................... 7

*United Mine Workers of America v. Gibbs*,
383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ................... 9, 10

*United States v. Pend Oreille Public Utility District No. 1*,
926 F.2d 1502 (9th Cir. 1991), <u>cert. denied</u>, 502 U.S. 956 (1991) ...... 5

*United States v. Webb*,
655 F.2d 977 (9th Cir. 1981) ............................................................ 4

*Viada v. Osaka Health Spa, Inc.*,
235 F.R.D. 55 (S.D.N.Y. 2006) ........................................................ 10

*Vulcan Society of Westchester County v. Fire Department of City of White Plains*,
82 F.R.D. 379 (S.D.N.Y. 1979) ........................................................ 12

*Wayman v. Accor North America, Inc.*,
486 F. Supp. 2d 1280 (D. Kan. 2007) .............................................. 12

## FEDERAL STATUTES

Class Action Fairness Act, 28 U.S.C. § 1332(d) ................................ 14

F.R.C.P. 20 ..................................................................................... 11

F.R.C.P. 20(a) ............................................................................... 7, 11

F.R.C.P. 21 ..................................................................................... 8

F.R.C.P. 41(a)(1)(A) ....................................................................... 1

## OTHER

Kaplan, *Continuing Work of the Civil Committee; 1966 Amendments to the Federal Rules of Civil Procedure (II)*,
81 Har.L.Rev. 591, 595 (1968) ....................................................... 8, 9

Notice of Motion and Motion for Leave to File Second Amended Complaint;
Memorandum of Points and Authorities

1 |    **MEMORANDUM OF POINTS AND AUTHORITIES**

2 | **I.    INTRODUCTION AND PROCEDURAL BACKGROUND**

3 |        Plaintiffs seek leave of court to file a second amended complaint, pursuant to

4 | Rule 15(a) of the Federal Rules of Civil Procedure, in order to (1) assert claims

5 | against defendant Warner Music Group Corp. ("WMG") for breach of

6 | contract/inducement of breach of contract on behalf of representative plaintiff

7 | David Grisman, individually and doing business as Dawg Music, and similarly

8 | situated class members, based on WMG's failure to timely pay and/or inducement

9 | of failure to timely pay Grisman and other similarly situated persons for downloads

10 | of their copyrighted musical works; (2) add Rhino Entertainment Company

11 | ("Rhino") as an additional defendant on the breach of contract/inducement of

12 | breach of contract claims; (3) add Rodney Franklin, individually, and doing

13 | business as Maicaboom Music, as the new representative plaintiff on the copyright

14 | claims against Defendants AOL Music Now, LLC ("AOL"); Apple Computer, Inc.

15 | ("Apple"); Microsoft Corporation ("Microsoft"); Realnetworks Digital Music of

16 | California, Inc. ("Realnetworks"); and Yahoo!, Inc. ("Yahoo") (collectively,

17 | "Service Provider Defendants"); and (4) add Ryko Corporation ("Ryko") and

18 | Instinct Records ("Instinct") as additional defendants on the copyright claims by

19 | Rodney Franklin, individually, and doing business as Maicaboom Music, on behalf

20 | of himself and all others similarly situated.[2]

21 |

22 | ————————————————

23 |        [2] The proposed second amended complaint also: (1) dismisses, without
prejudice, the claims of Craig Miller as a representative plaintiff; (2) dismisses,

24 | without prejudice, the claims for copyright infringement against WMG; and (3)
dismisses, without prejudice, the copyright claims against defendants Napster, LLC

25 | ("Napster") and Buy.com, Inc. ("Buy.com"). Because no class has yet been

26 | certified, and because no defendant has yet filed an answer or motion for summary
judgment, Plaintiffs are permitted to dismiss these claims and parties, even without

27 | a court order allowing them to do so. See F.R.C.P. 41(a)(1)(A). Therefore, this

28 | motion focuses on the amendments for which court approval is required.

1    Given the very early stage of this case at which this motion is brought, the
2    liberal rules allowing for amended pleadings, and given that defendants will not be
3    prejudiced by the amendment, this motion should be granted, and plaintiffs should
4    be granted leave to file the proposed second amended complaint lodged
5    concurrently herewith.

6    The relevant procedural background of this motion is as follows:  Plaintiffs
7    filed their initial class action complaint on May 3, 2007.  On May 10, 2007,
8    plaintiffs filed their first amended complaint as of right, asserting claims for direct
9    copyright infringement, contributory copyright infringement, vicarious copyright
10   infringement, and inducing copyright infringement.  Plaintiffs' first amended
11   complaint alleges that defendants' practice of reproducing and selling digital
12   download copies of plaintiffs' copyrighted works without authorization or
13   permission, and without compensation, is in violation of federal copyright laws.
14   Pursuant to stipulations of the parties and orders of this Court, Defendants have not
15   yet responded to the first amended complaint.[3]

16   Plaintiffs' reasons for the amendments at issue in this motion are based on
17   their counsel's subsequent investigation and discussions, which have revealed that:

18   1.    While current defendant WMG, proposed defendant Rhino, and/or
19   their predecessors had a written and/or implied contract with plaintiff Grisman,
20   allowing WMG, Rhino and/or their predecessors to distribute Grisman's
21   copyrighted work, and while WMG, Rhino and/or their predecessors admittedly
22   did distribute Grisman's copyrighted work to the Service Provider Defendants,
23   neither WMG nor Rhino timely paid Grisman moneys owed under the contract.  In
24   fact, WMG and Rhino did not pay Grisman moneys owed under the contract until
25   after this lawsuit was filed, and after Plaintiffs' counsel brought this breach to

26

27   [3] The parties have stipulated, subject to court approval, that Defendants'
28   deadline to do so is February 4, 2008.

2

1   WMG's attention.

2       2.      When Grisman was finally paid moneys owed under his contract with

3   WMG, Rhino, and/or their predecessors, the check he received was from both

4   WMG and Rhino, thereby making Rhino an additional appropriate defendant on

5   Grisman's and the Copyright Class's claims.

6       3.      Proposed representative plaintiff Rodney Franklin, individually, and

7   doing business as Maicaboom Music, is willing and able to step in as the new

8   representative plaintiff on the copyright claims asserted against the Service

9   Provider defendants and proposed additional defendants Instinct and Ryko.  Mr.

10  Franklin is the creator and legal owner of the copyrighted musical work which was

11  reproduced by these defendants without Mr. Franklin's permission or authorization

12  and without compensation to Mr. Franklin, to wit:  *The Groove*.

13      4.      In violation of the copyright laws, proposed additional defendant

14  Instinct sells digital recorded sound recordings embodying Mr. Franklin's

15  copyrighted musical work *The Groove* to the Service Provider Defendants, without

16  Mr. Franklin's permission or authorization and without compensation to Mr.

17  Franklin.

18      5.      In violation of the copyright laws, proposed additional defendant

19  Ryko distributed recorded sound recordings embodying Mr. Franklin's

20  copyrighted musical work *The Groove*, without Mr. Franklin's permission or

21  authorization and without compensation to Mr. Franklin.

22      Given the early stage of this case, and the liberal standard allowing

23  amendments to pleadings, this motion should be granted in its entirety.

24  **II.    LEAVE TO AMEND IS TO BE GRANTED LIBERALLY**

25      Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may

26  amend its pleading with leave of court and that "[t]he court should freely give

27  leave when justice so requires."  When applying this standard, the Ninth Circuit

28

Notice of Motion and Motion for Leave to File Second Amended Complaint;
Memorandum of Points and Authorities

1   has concluded that "Rule 15's policy of favoring amendments to pleadings should

2   be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979

3   (9th Cir. 1981) (citing Rosenburg Brothers & Co. v. Arnold, 283 F.2d 406 (9th Cir.

4   1960) (per curiam)).

5        The Supreme Court has outlined several factors for courts to consider in

6   deciding whether to grant leave to amend.  The Court has stated:

7            In the absence of any apparent or declared reason -- such as undue

8            delay, bad faith or dilatory motive on the part of the movant, repeated

9            failure to cure deficiencies by amendments previously allowed, undue

10           prejudice to the opposing party by virtue of allowance of the

11           amendment, futility of amendment, etc. -- the leave sought should, as

12           the rules require, be "freely given."

13  Foman v. Davis, 371 U.S. 178, 182 (1962).  See also Eminence Capital v. Aspeon,

14  Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing and applying the Foman

15  factors in a decision reversing the district court's dismissal of plaintiff's claim

16  without granting leave to amend).  These factors are discussed below.

17  **III.    PLAINTIFFS SATISFY ALL RELEVANT CRITERIA FOR LEAVE**

18  **        TO AMEND**

19  **        A.    Plaintiffs are Acting in Good Faith, There Has Been No Undue**

20  **              Delay in Filing This Motion, and Plaintiffs Have Not Previously**

21  **              Sought Leave to Amend**

22       Plaintiffs are acting in good faith in seeking leave to amend their complaint.

23  As set forth above, Plaintiffs' proposed second amended complaint is a result of

24  their investigation and discussions with defendants' counsel regarding the

25  allegations in the first amended complaint and an earlier draft of a proposed second

26  amended complaint (which has now been modified to its current form).  Plaintiffs

27  have taken care to ensure that the allegations in the final version of the proposed

28

4

second amended complaint are well-founded, carefully considering defendants' counsel's representations and comments and making some changes to the proposed second amended complaint as a result. Plaintiffs' new and different allegations in the proposed second amended complaint were only possible after Plaintiffs' discovery of new and different facts, and this Court should permit the amendment. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (holding that it was not "unjust delay" or bad faith for plaintiffs to wait to add an additional defendant until after discovery revealed evidence of wrongful conduct that was sufficient to support an amendment to the complaint).

Plaintiffs have also acted promptly in seeking leave to amend. While it is true that Plaintiffs circulated an initial draft proposed second amended complaint to defendants' counsel on July 30, 2007, they have been engaging in an on-going meet and confer with defendants' counsel since that time and have been diligently continuing their investigation, periodically making additional changes to the draft proposed second amended complaint to conform to their investigation and meet and confer efforts. Moreover, Defendants have not yet filed responses to the first amended complaint, no scheduling conference has been held or set, formal discovery has not yet begun, plaintiffs have not yet filed their motion for class certification, and no trial-related deadlines have been set. Thus, not only have plaintiffs acted promptly and without dilatory motive in filing this motion at an early stage of this case, but there is no prejudice to Defendants as a result of its filing now in any event.[4]

---

[4] Furthermore, even if this Court were to find undue delay in these circumstances, this factor alone is not grounds for denying leave to amend. See United States v. Pend Oreille Pub. Utility Dist. No. 1, 926 F.2d 1502, 1511 (9th Cir. 1991), cert. denied, 502 U.S. 956 (1991) (holding that a delay of eleven months after the court entered judgment in the trial's Phase 2, and two weeks prior to commencement of the trial's Phase 3, was not by itself a sufficient reason to

5

1    There has also been no "repeated failure to cure deficiencies by amendments

2    previously allowed" here. <u>Foman</u>, 371 U.S. at 182. In fact, Plaintiffs' prior

3    amendment, made a week after the initial filing of the complaint, was made "as of

4    right," as no answer to the complaint had been filed by any of the defendants. This

5    is Plaintiffs' first request for leave to amend their complaint.

6         **B.    Defendant Will Not Be Prejudiced By the Amendment**

7    Of the <u>Foman</u> factors, the Ninth Circuit considers prejudice to the opposing

8    party as the most important consideration in a court's ruling on a motion for leave

9    to amend. <u>Eminence Capital</u>, 316 F.3d at 1052 (citing <u>DCD Programs</u>, 833 F.2d at

10   185). Here, as set forth briefly above, defendants will suffer no prejudice if this

11   motion is granted. Defendants have not yet filed responses to the first amended

12   complaint, no scheduling conference has been held or set by the Court, formal

13   discovery has not yet begun, Plaintiffs have not yet filed their motion for class

14   certification (their current deadline to do so is February 11, 2008, although

15   Plaintiffs intend to ask defendants to stipulate, subject to Court approval, to a

16   further extension), and no trial-related deadlines or trial date have been set. Thus,

17   defendants will not be prejudiced if this Court grants Plaintiffs leave to file their

18   second amended complaint.[5]

19        **C.    Amendment to Allow the Addition of Rodney Franklin as a New**

20             **Class Representative is Particularly Appropriate**

21   It is also important to note that, insofar as the proposed second amended

22   complaint seeks to add Rodney Franklin as the new representative plaintiff on the

23   copyright claims brought on behalf of a class, this motion is particularly

24   appropriate. Specifically, this motion is necessary to allow a new representative

25   _____

26   deny leave to amend).

27        [5] It is also worth pointing out that amendment of the complaint will not be

28   futile, as the allegations in the second amended complaint are well-founded.

6

1  plaintiff on the copyright claims who will be able to adequately represent the

2  interests of similarly situated persons who are members of the copyright class.

3       The law is clear that, in class actions, it is particularly appropriate to add

4  new representative plaintiffs to adequately and fully protect the interests of the

5  absent class members.  See Slaven v. BP America, Inc., 190 F.R.D. 649, 656 (C.D.

6  Cal. 2000) (rather than decertifying subclasses for lack of typicality, the court

7  permitted class counsel additional time in which to name new representatives for

8  the subclasses); Harriss v. Pan American World Airways, Inc., 74 F.R.D. 24, 46

9  (N.D. Cal. 1977) (if a representative plaintiff for any reasons ceases to have a claim

10 for relief, the court may determine that the interests of the class require that another

11 eligible representative be substituted as a plaintiff); Satterwhite v. City of

12 Greenville, 634 F.2d 231 (5th Cir. 1981) (when class is proper, a court "shall take

13 such action as it may deem necessary" to maintain an appropriate class

14 representative); 1 Newberg on Class Actions, § 3.42 at 543 (4th ed. 2000) ("The

15 court may invite interventions to bolster or substitute for class representation.").

16 Based on these authorities, in order to protect the interests of the absent class

17 members, the proposed second amended complaint adding Rodney Franklin as the

18 new representative plaintiff on the copyright claims should be permitted.

19      **D.    The Proposed Second Amended Complaint Includes Properly**

20             **Joined Claims and Parties**

21      Plaintiffs anticipate that Defendants will argue (as they did during the meet

22 and confer process) that amendment should not be allowed because Plaintiffs are

23 improperly joined under Rule 20(a) of the Federal Rules of Civil Procedure

24 (hereinafter, "Rule 20(a)").[6]  This argument is without merit.  As an initial matter,

25

26 _____

27 [6] Rule 20(a) provides in relevant part as follows:
        **(1)** *Plaintiffs.* Persons may join in one action as plaintiffs if:

28      **(A)** they assert any right to relief jointly, severally, or in the

7

1   this question is not even properly addressed at this very early stage of the case.

2   The law is clear that misjoinder is not a ground for dismissal (see F.R.C.P. 21)[7] --

3   only severance -- and thus, even if the plaintiffs were improperly joined here,

4   amendment would not be futile, and there is no basis upon which to deny leave to

5   amend.  The decision in <u>Mesa Computer Util., Inc. v. Western Un. Comp. Util.,</u>

6   <u>Inc.</u>, 67 F.R.D. 634 (D. Del. 1975) is instructive.  In that case, the court denied a

7   motion for severance "with leave to renew if and when the factual record is  more

8   fully developed."  <u>Id.</u> at 638.  The court stated:

9           Given the state of the record at this stage of the litigation, the

10          advisability of severance is uncertain at best.  The more prudent

11          course of action in such circumstances dictates deferral of a decision

12          until the record more fully reflects the relationship between the joined

13          parties and their respective claims.  As Professor Kaplan has stated,

14          'Discretion exercised near trial time seems quite appropriate if, as we

15          have suggested, the question of the relatedness of claims in multiparty

16          actions may remain obscure on the pleadings and through the early

17          stages of the action.'  Kaplan, *Continuing Work of the Civil*

18          *Committee; 1966 Amendments to the Federal Rules of Civil*

19          *Procedure (II)*, 81 Har.L.Rev. 591, 595 (1968).  This point is

20          especially well-taken when it is recognized that Rule 20(a) is based

21   _____

22   alternative with respect to or arising out of the same transaction,
     occurrence, or series of transactions or occurrences; and
23           **(B)** any question of law or fact common to all plaintiffs will
24   arise in the action.

25

26   [7] Rule 21 provides:
     Misjoinder of parties is not a ground for dismissing an action. On
27   motion or on its own, the court may at any time, on just terms, add or
     drop a party. The court may also sever any claim against a party.
28
                                        8

1    upon trial convenience; at the pleading stage, joinder should have

2    little, if any, prejudicial effect, hence, even 'marginally related' parties

3    should be permitted to join if consistent with the promotion of judicial

4    economy."

5    Id. at 637-38.  See also Directv, Inc. v. Hosey, 289 F. Supp. 2d 1259, 1262 (D.

6    Kan. 2003) (denying a motion to dismiss for improper joinder of defendants, as

7    well as a request for severance, but reserving the right to sever the cases for trial);

8    Dougherty v. Mieczkowski, 661 F. Supp. 267, 280 (D. Del. 1987) (denying a

9    motion to sever for improper joinder under Rule 20 in a case still in discovery,

10   without prejudice to renewal after discovery and pretrial proceedings were

11   complete, noting that "[a]t this stage of the proceedings, the Court cannot fairly

12   determine whether the plaintiffs' claims arise from a series of transactions for

13   joinder under Rule 20.").  This Court should apply the reasoning of these cases

14   here and not even consider Defendants' anticipated misjoinder argument in

15   connection with this motion to amend, brought before this case is even at issue and

16   before discovery has begun.

17         Even if this Court does consider Defendants' anticipated misjoinder

18   argument, however, the plaintiffs have been properly joined under Rule 20(a).  The

19   law is clear that the rule is to be liberally construed, with permissible joinder to be

20   encouraged.  As the Ninth Circuit made clear in League to Save Lake Tahoe v.

21   Tahoe Regional Planning Agency, 558 F.2d 914 (9th Cir. 1977):

22       We start with the premise that Rule 20, Fed.Rules Civ. Proc.,

23       regarding permissive joinder is to be construed liberally in order to

24       promote trial convenience and to expedite the final determination of

25       disputes, thereby preventing multiple lawsuits. *Mosley v. General*

26       *Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974).  As stated by the

27       Supreme Court in *United Mine Workers of America v. Gibbs*, 383 U.S.

28

Notice of Motion and Motion for Leave to File Second Amended Complaint;
Memorandum of Points and Authorities

1     715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966):

2         "Under the rules, the impulse is toward entertaining the

3         broadest possible scope of action consistent with fairness

4         to the parties; joinder of claims, parties and remedies is

5         strongly encouraged."

6     383 U.S. at 724, 86 S.Ct. at 1138.

7    Id. at 917.  While application of the rule is liberal and encouraged, it is also within

8 the district court's broad discretion.  See Kuechle v. Bishop, 64 F.R.D. 179, 180

9 (N.D. Ohio 1974) ("In assessing joinder under this rule the Court is operating in an

10 area of considerable discretion.  The consideration involved are essentially those of

11 fairness.")  See also Nor-Tex Agencies, Inc. v. Jones, 482 F.2d 1093, 1100 (5th

12 Cir. 1973) (the district court acted within its discretion in permitting joinder under

13 Rule 20(a) where "[t]he fairest and most expeditious way to dispose of these claims

14 was to try them together.")

15       Particularly under this liberal interpretation, and at this early stage of the

16 case, the standard is met, and this Court should exercise its discretion to allow

17 permissive joinder.  First, the two plaintiffs (and the classes they seek to represent)

18 assert claims arising out of the same series of transactions or occurrences, namely,

19 the Service Provider Defendants' sales of digital downloads of Plaintiffs' and

20 plaintiff class members' (in both the Contract Class and the Copyright Class)

21 copyrighted works.  "As expressly noted in the Rule, the joinder is proper if the

22 claims arise out of a *series* of transactions; they need not all arise out of the same

23 transaction or occurrence."  Lee Way Holding Company v. Capital Conveyor, 104

24 B.R. 881, 884 (Bkrtcy. S.D. Ohio 1989) (emphasis in original).  The court in Viada

25 v. Osaka Health Spa, Inc., 235 F.R.D. 55 (S.D.N.Y. 2006) discussed the standard

26 to be applied with respect to this first prong of the Rule 20(a) test ("they assert any

27 right to relief jointly, severally, or in the alternative with respect to or arising out of

28

Notice of Motion and Motion for Leave to File Second Amended Complaint;
Memorandum of Points and Authorities

1 the same transaction, occurrence, or series of transactions or occurrences"), as

2 follows:

3       The requirements of Fed.R.Civ.P. 20(a) are to be interpreted liberally

4       "to enable the court to promote judicial economy by permitting all

5       reasonably related claims for relief by or against different parties to be

6       tried in a single proceeding." (citation omitted).

7         In determining whether claims made by plaintiffs to an action

8       constitute a "single transaction or occurrence" for purposes of

9       Fed.R.Civ.P. 20, "a case by case approach is generally pursued."

10       (citation omitted) "In attempting to afix a definition to 'transaction or

11       occurrence,' courts have found Fed.R.Civ.P. 13(a) to be particularly

12       instructive, and have concluded with reference to that Rule that the

13       phrase encompasses 'all logically related claims.'" (citation omitted).

14 Id. at 61. See also Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir.

15 1974) (holding that, under Rule 20(a), "all reasonably related claims for relief by

16 or against different parties [are permitted] to be tried in a single proceeding.

17 Absolute identity of all events is unnecessary.")

18       Here, the claims of Plaintiff Grisman and the Contract Class and the claims

19 of Plaintiff Franklin and the Copyright Class are "logically related," as they all

20 relate to the Service Provider Defendants' sales of digital downloads of Plaintiffs'

21 and plaintiff class members' copyrighted works. Plaintiffs allege that, with respect

22 to Plaintiff Franklin and the Copyright Class, the Service Provider Defendants sold

23 digital downloads of their copyrighted works without their permission and in

24 violation of the copyright laws. Plaintiffs allege that, with respect to Plaintiff

25 Grisman and the Contract Class, the Service Provider Defendants sold digital

26 downloads of their copyrighted works with permission, but that the breach of

27 contract/inducement of contract breach defendants, who provided the copyrighted

28

Notice of Motion and Motion for Leave to File Second Amended Complaint;
Memorandum of Points and Authorities

1 works to the Service Provider Defendants, failed to timely pay Grisman and the

2 Contract Class for those digital downloads.  These claims are reasonably related,

3 they arise out of the same basic set of underlying facts — the Service Provider

4 Defendant's sales of plaintiffs' and both classes' copyrighted works, and they

5 should be tried together in one action.  See Nor-Tex Agencies, Inc. v. Jones, 482

6 F.2d 1093, 1100 (5th Cir. 1973) (holding that the district court properly allowed

7 joinder under Rule 20(a) where "the facts concerning Nor-Tex were inextricably

8 woven together with the facts concerning Owen and Riley.").  See also Kedra v.

9 City of Philadelphia, 454 F. Supp. 652, 662 (D. Pa. 1978) (persons who alleged

10 that they were illegally arrested, beaten, and subjected to illegal searches were

11 properly joined under Rule 20(a) as being "reasonably related," despite the fact

12 that the events occurred over a long period of time); Vulcan Society of Westchester

13 County v. Fire Department of City of White Plains, 82 F.R.D. 379, 387 (S.D.N.Y.

14 1979) (the first requirement of Rule 20(a) is met in an action alleging

15 discrimination in fire fighter exams, despite existence of many exams, where it "is

16 part of a series of exams or occurrences, of similar type, preparation and

17 construction, and with similar purpose and goal.").  Here too, the first requirement

18 of Rule 20(a) is met.

19      The second requirement of Rule 20(a), that there be a common question of

20 law or fact as to all plaintiffs, is also met in this case.[8] As the court in Scott v.

21 Fairbanks Capital Corp., 284 F. Supp. 2d 880, 888 (S.D. Ohio 2003) recognized,

22 "[t]he common question requirement is usually easily met."  See also Mosley v.

23

---

24
25      [8]  In fact, the standard to be applied in connection with this motion to amend
should be only whether it is likely that a common question of fact or law will exist.
26 See Wayman v. Accor North America, Inc., 486 F. Supp. 2d 1280, 1285 (D. Kan.
2007) (granting leave to amend to add an additional defendant pursuant to Rule 20,
27 where "there will likely be common questions of law or fact regarding both
28 defendant[s].")

12

1  General Motors Corp., 497 F.2d 1330, 1334 (8th Cir. 1974) (recognizing that the

2  second requirement of Rule 20(a) is given "permissive application so that common

3  questions have been found to exist in a wide range of context."). Here, among

4  other common questions, the question will arise as to all plaintiffs whether their

5  works were sold by the Service Provider Defendants as digital downloads. This

6  single common question of fact is sufficient in itself to meet the second

7  requirement of Rule 20(a).

8      Other considerations, such as judicial economy, weigh in favor of joinder

9  here as well. See M.K. v. Tenet, 216 F.R.D. 133, 143 (D.D.C. 2002) (in addition

10  to finding that the requirements of Rule 20(a) were met, the court held that

11  application of the rule "will promote trial convenience, expedite the final resolution

12  of disputes, and act to prevent multiple lawsuits, extra expense to the parties, and

13  loss of time to the court and the litigants in this case."). If the claims of both

14  plaintiffs and the classes they seek to represent are not joined in this case, two

15  separate class actions will result, each of which will relate to digital downloads of

16  plaintiffs' and class members' copyrighted works. Therefore, as in M.K. v. Tenet,

17  joinder will promote trial convenience, expedite final resolution, act to prevent

18  multiple lawsuits, avoid extra expense to the parties,[9] and conserve the resources of

19  the parties and the Court.

20      As the Ninth Circuit held in Desert Empire Bank v. Insurance Co. of North

21  America, 623 F.2d 1372, 1375 (9th Cir. 1980):

22      Although the specific requirements of Rule 20, discussed above, may

23      be satisfied, a trial court must also examine the other relevant factors

24      in a case in order to determine whether the permissive joinder of a

25

26  _____

27  [9] In fact, it seems likely that there may be indemnity agreements which may
   be implicated with respect to at least some of the claims alleged in the proposed

28  second amended complaint.

13

Notice of Motion and Motion for Leave to File Second Amended Complaint;
Memorandum of Points and Authorities

1    party will comport with the principles of fundamental fairness.  For

2    example, when making a decision whether to allow the permissive

3    joinder of a party, a court should consider such factors as the possible

4    prejudice that may result to any of the parties in the litigation, the

5    delay of the moving party in seeking an amendment to his pleadings,

6    the motive that the moving party has in seeking such amendment, the

7    closeness of the relationship between the new and the old parties, the

8    effect of an amendment on the court's jurisdiction, and the new

9    party's notice of the pending action.

10   Id. at 1375.

11        These factors weigh in favor of permissive joinder here as well.

12   Defendants will not be prejudiced if the claims of both plaintiffs and the classes

13   they seek to represent are joined in this action.  Plaintiffs have not unreasonably

14   delayed in seeking to amend their complaint.  This case is at a very early stage:

15   discovery has not yet even begun, and the pleadings are not yet at issue.  Plaintiffs

16   have no improper motive in seeking to amend their complaint to join these claims.

17   There exists a strong relationship between the various categories of defendants in

18   this case.  Plaintiffs have no improper motive in filing this motion for leave to

19   amend.  And, finally, the amendment in no way affects this Court's jurisdiction, as

20   jurisdiction over the contract claims is not dependent on supplemental jurisdiction,

21   and is met by virtue of the Class Action Fairness Act, 28 U.S.C. § 1332(d), as well.

22   For these additional reasons, permissive joinder of the plaintiffs' claims is

23   appropriate under Rule 20(a), and this motion to amend should be granted.

24   ///

25   ///

26   ///

27   ///

28

---

14

Notice of Motion and Motion for Leave to File Second Amended Complaint;
Memorandum of Points and Authorities

IV.    **CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that this motion for leave to file a second amended complaint be granted in its entirety.

DATED: January 11, 2008                          Respectfully submitted,

STRANGE & CARPENTER

By:

Brian R. Strange
Gretchen Carpenter
Attorneys for Plaintiffs

---

15

1

<u>**PROOF OF SERVICE**</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3
4

      I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; the address at my place of business is:
12100 Wilshire Blvd., Ste. 1900
Los Angeles, CA 90025

5
6
7

    On January 11, 2008, I served the forgoing document, described as:
**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**
on the interested parties in this action
**[ x ] ECF or  [  ]  by placing**  [  ]  the original  [ x ]  a true copy thereof to in an

8

envelope addressed only as follows:

9
10
11
12
13
14

Scott A. Edelman, Esq.
Carol M. Silberberg, Esq.
Brenda Kleidosty, Esq.
Gibson Dunn & Crutcher LLP
2029 Century Park East, #4000
Los Angeles, California 90067
Tel: 310-552-8500
Fax: 310-552-7041
sedelman@gibsondunn.com
csilberberg@gibsondunn.com
bkleidosty@gibsondunn.com

15
16
17
18

Cynthia S. Arato, Esq.
Gibson Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166-0193
Tel: 212-351-4000
Fax: 212-351-4035
carato@gibsondunn.com

19
20
21

*Attorneys for Defendants Warner Music Group Corp.; AOL Music Now, LLC; Buy.com, Inc.; Microsoft Corporation; Napster LLC; Real Networks Digital Music of California, Inc.; and Yahoo!Inc.*

22
23
24
25
26

Daniel Scott Schecter, Esq.
Colin Vandell, Esq.
Latham & Watkins LLP
633 West Fifth Street, Suite 4000
Los Angeles, California 90071
Tel: 213-485-1234
Fax: 213-891-8763
daniel.schecter@lw.com
colin.vandell@lw.com

27

*Attorneys for Defendant Apple Computer, Inc.*

28

1 | Jeffrey L. Graubart, Esq.
LAW OFFICES OF JEFFREY L. GRAUBART
2 | 350 West Colorado Blvd., Suite 200
Pasadena, California 91105
3 | Tel: 626-304-2800
Fax: 626-304-2807
4 | info@jlgraubart.com

5 | *Co-Counsel for Plaintiffs*

6 | **[ X ]   VIA ECF**

7 | [  ] I deposited such an envelope in the mail at Los Angeles, California.  The
8 | envelope was mailed with postage thereon fully prepaid.

9 | [ X ]  As follows:  I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under that practice it would be deposited
with U.S. postal service on that same day with postage thereon fully prepaid at Los
10 | Angeles, California.  I am aware that on motion of party served, service is
presumed invalid if postal cancellation date or postage meter date is more than one
11 | day after date of deposit for mailing in affidavit.

12 | **[  ]  BY PERSONAL SERVICE**

13 | I delivered such envelope to the addressee by hand.
Executed on January 11, 2008, at Los Angeles, California.
14 |

15 | **[  ]  (State)**      I declare under penalty of perjury under the laws of the State of
California that the above is true and correct.

16 | **[ X ]  (Federal)**      I declare that I am employed in the office of a member of the
bar of this court at whose direction the service was made.

18 | Jill Hood

- 2 -