1  JEFFREY L. GRAUBART, CA Bar No. 42250
   info@jlgraubart.com
2  LAW OFFICES OF JEFFREY L. GRAUBART
   350 West Colorado Boulevard, Suite 200
3  Pasadena, California 91105-1855
   Telephone: (626) 304-2800
4  Facsimile: (626) 304-2807

5  BRIAN R. STRANGE, CA Bar No. 103252
   lacounsel@earthlink.net
6  GRETCHEN CARPENTER, CA Bar No. 180525
   gcarpenter@strangeandcarpenter.com
7  STRANGE & CARPENTER
   12100 Wilshire Blvd., Suite 1900
8  Los Angeles, California 90025
   Telephone:  (310) 207-5055
9  Facsimile:  (310) 826-3210

10 Attorneys for Plaintiffs

11

12                  **UNITED STATES DISTRICT COURT**

13           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14                      **WESTERN DIVISION**

15 DAVID GRISMAN, individually, and )    Case No.  CV 07 2921 VBF (MANx)
   doing business as DAWG MUSIC; and )
16 RODNEY FRANKLIN, individually,   )    **CLASS ACTION**
   and doing business as MAICABOOM  )
17 MUSIC, on behalf of themselves and )   **[PROPOSED] SECOND AMENDED**
   all those similarly situated,     )    **COMPLAINT FOR COPYRIGHT**
18                                    )    **INFRINGEMENT AND BREACH**
                                      )    **OF CONTRACT**
19          Plaintiffs,              )
               vs.                    )    **JURY TRIAL DEMANDED**
20                                    )
   WARNER MUSIC GROUP CORP.;         )    Assigned to the Honorable Valerie
21 RHINO ENTERTAINMENT               )    Baker Fairbank, Courtroom 9
   COMPANY; RYKO CORPORATION;        )
22 INSTINCT RECORDS; APPLE           )    Action filed: May 3, 2007
   COMPUTER, INC.; MICROSOFT         )    Trial date:   Not set
23 CORPORATION; AOL MUSIC NOW,       )
   LLC; YAHOO!, INC.;                )
24 REALNETWORKS DIGITAL MUSIC        )
   OF CALIFORNIA, INC.; and DOES     )
25 ONE through TEN, inclusive,       )
                                      )
26          Defendants.              )
   _____  )

27      The representative Plaintiffs bring this action on behalf of themselves and all

28 others similarly situated, and for their Complaint, allege as follows:

                                   1
   _____
      [Proposed] Second Amended Complaint for Copyright Infringement and Breach of Contract

Dockets.Justia.com

1

## VENUE AND JURISDICTION

2    1.    This is a civil action seeking damages and injunctive relief under the

3    Copyright Act of 1976, as amended [17 U.S.C. §§ 101, *et seq.*].  This Court has

4    subject matter jurisdiction over the copyright claims asserted by Plaintiff Rodney

5    Franklin, individually, and doing business as Maicaboom Music, on behalf of

6    himself and all others similarly situated, pursuant to 17 U.S.C. §§ 501 through 505,

7    and pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has subject matter

8    jurisdiction over the breach of contract/inducement of breach of contract claims

9    asserted by Plaintiff David Grisman, individually and doing business as Dawg

10   Music, on behalf of himself and all others similarly situated, pursuant to 28 U.S.C.

11   § 1367.  This Court also has subject matter jurisdiction over all of the claims

12   asserted in this case pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §

13   1332(d)(2).

14   2.    Plaintiffs are informed and believe and thereon allege that venue is

15   proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(a) because all

16   Defendants have committed breaches, acts of infringement and/or have regular and

17   established places of business in this judicial district.

18

## PARTIES TO BREACH OF CONTRACT CLAIM

19   3.    Plaintiff DAVID GRISMAN ("Grisman"), individually and doing

20   business as DAWG MUSIC, is a resident of Los Angeles County, California.

21   Grisman is the creator, legal owner, and copyright owner of certain copyrighted

22   musical works which were distributed by defendants Warner Music Group Corp.

23   ("WMG"), Rhino Entertainment Company ("Rhino") and/or their predecessors or

24   subsidiaries.  Plaintiff Grisman, individually and doing business as Dawg Music,

25   on behalf of himself and all others similarly situated, asserts a single claim for

26   breach of contract and/or inducing breach of contract against WMG and Rhino in

27   this action.

28   ///

2

1    4.    Plaintiffs are informed and believe and thereon allege that Defendant

2    WMG is a Delaware corporation, with a principal place of business in Los

3    Angeles, California.  Plaintiffs are further informed and believe and thereon allege

4    that Defendant WMG, under the following label names, *inter alia*, Electra Records,

5    Atlantic Recording, Giant Records, Asylum Records, Rhino Records, Bad Boy

6    Records, and Warner Bros. Records, sells recorded sound recordings embodying

7    the copyrighted musical works of Plaintiff Grisman and similarly situated class

8    members to the public throughout the United States and internationally.

9    5.    Plaintiffs are informed and believe and thereon allege that Defendant

10   Rhino is a Delaware corporation qualified to do business in California, with a

11   principal place of business in New York, New York, and is a wholly owned

12   subsidiary of Defendant WMG.  Plaintiffs are further informed and believe and

13   thereon allege that Defendant Rhino sells recorded sound recordings embodying

14   the copyrighted musical works of Plaintiff Grisman and similarly situated class

15   members to the public throughout the United States and internationally.

16                    **PARTIES TO COPYRIGHT CLAIMS**

17   6.    Plaintiff RODNEY FRANKLIN ("Franklin") is a resident of Alameda

18   County, California.  Franklin is the creator and legal owner of the copyrighted

19   musical work which was reproduced by Defendants INSTINCT RECORDS

20   ("Instinct"); RYKO CORPORATION ("Ryko"); AOL MUSIC NOW, LLC

21   ("AOL"); APPLE COMPUTER, INC. ("Apple"); MICROSOFT CORPORATION

22   ("Microsoft"); REALNETWORKS DIGITAL MUSIC OF CALIFORNIA, INC.

23   ("RealNetworks"); and YAHOO!, INC. ("Yahoo"), without Franklin's permission

24   or authorization and without compensation to Franklin, to wit:  *The Groove*.

25   Franklin is the copyright owner of the original musical work *The Groove* and has

26   received from the Register of Copyrights a certificate of registration so indicating,

27   bearing the registration number PAu 192-489, by which Franklin has, *inter alia*,

28   the exclusive rights to reproduce the copyrighted musical work in copies or

3

1    phonorecords, 17 U.S.C. § 106(1), to prepare derivative works based on the

2    copyrighted work, 17 U.S.C. § 106(2), to distribute the copyrighted work, 17

3    U.S.C. § 106(3), and to publicly perform the copyrighted work, 17 U.S.C. §

4    106(4).  Plaintiff Franklin, individually, and doing business as Maicaboom Music,

5    and on behalf of himself and all others similarly situated, asserts copyright claims

6    against Defendants AOL, Apple, Microsoft, RealNetworks, Yahoo, Instinct, and

7    Ryko in this action.

8        7.    Plaintiffs are informed and believe and thereon allege that Defendant

9    Instinct is a subsidiary of Knitting Factory Entertainment, Inc., a Delaware

10   corporation with an agent for service of process in New York.  Plaintiffs are further

11   informed and believe and thereon allege that Defendant Instinct sells recorded

12   sound recordings embodying Plaintiff Franklin's copyrighted musical work *The*

13   *Groove*, namely, phonorecords embodying the artistic performances of Duncan

14   Millar (hereinafter, "Duncan Millar's Album") entitled *GOOD TO GO*, and those

15   of similarly situated class members, to the public throughout the United States and

16   internationally.

17       8.    Plaintiffs are informed and believe and thereon allege that Defendant

18   Ryko is a New York corporation qualified to do business in California and is a

19   wholly owned subsidiary of Defendant WMG.  Plaintiffs are further informed and

20   believe and thereon allege that Defendant Ryko distributed recorded sound

21   recordings embodying Plaintiff Franklin's copyrighted musical work *The Groove*,

22   namely, Duncan Millar's Album *GOOD TO GO*, and those of similarly situated

23   class members, to the public throughout the United States and internationally.

24       9.    Plaintiffs are informed and believe and thereon allege that Defendant

25   AOL is an Illinois limited liability company having a principal place of business in

26   Chicago, Illinois.  Plaintiffs are further informed and believe and thereon allege

27   that Defendant AOL has transmitted, publicly performed, and distributed digital

28   copies of sound recordings embodying Plaintiff Franklin's copyrighted musical

4

1  work *The Groove*, as set forth below, and those of the Class, throughout the United

2  States and internationally.

3      10.    Plaintiffs are informed and believe and thereon allege that Defendant

4  Apple (i) is a California corporation, having a principal place of business in

5  Cupertino, California, and (ii) through its division "iTunes" has transmitted,

6  publicly performed, and distributed digital copies of sound recordings embodying

7  Plaintiff Franklin's copyrighted musical work *The Groove*, as set forth below, and

8  those of the Class, throughout the United States and internationally.

9      11.    Plaintiffs are informed and believe and thereon allege that Defendant

10  Microsoft is a Washington corporation, with a principal place of business in

11  Redmond, Washington.  Plaintiffs are further informed and believe and thereon

12  allege that Microsoft has a joint venture agreement with Defendant RealNetworks

13  allowing Microsoft to offer for sale digital music through, *inter alia*, msn.com.

14  Plaintiffs are further informed and believe and thereon allege that Defendant

15  Microsoft has transmitted, publicly performed, and distributed digital copies of

16  sound recordings embodying Plaintiff Franklin's copyrighted musical work *The*

17  *Groove*, as set forth below, and those of the Class, throughout the United States

18  and internationally.

19      12.    Plaintiffs are informed and believe and thereon allege that Defendant

20  RealNetworks is a California corporation, with a principal place of business in

21  Seattle, Washington.  Plaintiffs are further informed and believe and thereon allege

22  that RealNetworks controls and operates Rhapsody and Listen.com, which have

23  transmitted, publicly performed, and distributed digital copies of sound recordings

24  embodying Plaintiff Franklin's copyrighted musical work *The Groove*, as set forth

25  below, and those of the Class, throughout the United States and internationally.

26      13.    Plaintiffs are informed and believe and thereon allege that Defendant

27  Yahoo is a corporation formed under the laws of Delaware, with its principal place

28  of business in Sunnyvale, California.  Plaintiffs are further informed and believe

[Proposed] Second Amended Complaint for Copyright Infringement and Breach of Contract

1  and thereon allege that Yahoo controls and operates music.Yahoo.com, Yahoo!

2  Music Unlimited, and MusicMatch, which have transmitted, publicly performed,

3  and distributed digital copies of sound recordings embodying Plaintiff Franklin's

4  copyrighted musical work *The Groove*, as set forth below, and those of the Class,

5  throughout the United States and internationally.

6  ## DOE DEFENDANTS AND AGENCY ALLEGATIONS

7      14.    The true names and capacities, whether individual, corporate,

8  associate, or otherwise, of Defendants sued herein as Does One through Ten, are

9  unknown to Plaintiffs, which sue said Defendants by such fictitious names (the

10  "Doe Defendants"). If necessary, Plaintiffs will seek leave of Court to amend this

11  Complaint to state the true names and capacities of the Doe Defendants when the

12  same have been ascertained. Plaintiffs are informed and believe and thereon allege

13  that each of the Doe Defendants is liable to Plaintiffs as a result of its participation

14  in all or some of the acts hereinafter set forth.

15      15.    Plaintiffs are informed and believe and thereon allege that at all times

16  herein mentioned, Defendants WMG and Rhino are the agents of each other, and in

17  doing the things alleged in this Complaint, were acting within the course and scope

18  of such agency.

19  ## GENERAL ALLEGATIONS

20  ## RE BREACH OF CONTRACT AND/OR INDUCING BREACH OF

21  ## CONTRACT

22      16.    Pursuant to a written or implied contract between Plaintiff Grisman,

23  on the one hand, and Defendants WMG, Rhino, and/or their predecessors or

24  subsidiaries, on the other hand, certain of Grisman's copyrighted musical works,

25  including, but not necessarily limited to, *Dawgola, Janice, Dawg's Bull, 16/16,*

26  *EMD, Blue Midnite, Dawg's Rag, Pneumonia,* and *Ricochet,* were distributed and

27  sold by WMG, Rhino, and/or their predecessors or subsidiaries, to the public

28  throughout the United States and internationally. Plaintiffs are informed and

[Proposed] Second Amended Complaint for Copyright Infringement and Breach of Contract

1    believe and thereon allege that WMG, Rhino, and/or their predecessors or

2    subsidiaries entered into similar or identical contracts with similarly situated

3    plaintiff class members, for whom WMG, Rhino, and/or their predecessors or

4    subsidiaries also distributed and sold their copyrighted musical works to the public

5    throughout the United States and internationally.

6         17.    Plaintiffs are informed and believe and thereon allege that Defendants

7    WMG and/or Rhino have made an agreement with service providers (including,

8    but not limited to, Defendants AOL, Apple, Microsoft, RealNetworks, and Yahoo),

9    whereby WMG and/or Rhino have provided them with digital copies of sound

10   recordings embodying Plaintiff Grisman's musical works, and those of similarly

11   situated plaintiff class members, for reproduction, performance, distribution, and

12   sale by the service providers to the public in the form of digital phonorecord

13   transmittals. Plaintiffs are further informed and believe and thereon allege that

14   service providers have paid and continue to pay WMG and/or Rhino a fee or

15   royalty for the sales by the service providers of the sound recordings embodying

16   Plaintiff Grisman's copyrighted musical works, and those of similarly situated

17   plaintiff class members, in digital phonorecord transmittal form; have failed to pay

18   royalties to Plaintiff Grisman and similarly situated plaintiff class members, but

19   instead, have left solely to WMG and/or Rhino the obligation to make payment to

20   Plaintiff Grisman and similarly situated class members; WMG and/or Rhino have

21   failed to timely do so, if at all; on information and belief, in the instances where

22   payments to similarly situated members of the class have been proffered by WMG

23   and/or Rhino, they were proffered only after this action was filed and after

24   Plaintiffs brought this breach of contract to Defendant WMG's attention.

25        18.    Pursuant to the written or implied contract between Plaintiff Grisman,

26   on the one hand, and Defendants WMG, Rhino and/or their predecessors or

27   subsidiaries, on the other hand, when WMG and/or Rhino provided Grisman's

28   copyrighted musical works to service providers (including, but not limited to,

7

1    Defendants AOL, Apple, Microsoft, RealNetworks, and Yahoo) for sale to the

2    public, WMG and/or Rhino were required to pay Grisman for such sales. WMG,

3    Rhino, and/or their predecessors or subsidiaries were also required to pay similarly

4    situated class members for sales of their copyrighted musical works.

5        19.    Plaintiffs are informed and believe and thereon allege that Plaintiff

6    Grisman's copyrighted musical works, including, but not necessarily limited to,

7    *Dawgola*, *Janice*, *Dawg's Bull*, *16/16*, *EMD*, *Blue Midnite*, *Dawg's Rag*,

8    *Pneumonia*, and *Ricochet*, have been purchased by consumers from service

9    providers. Plaintiffs are further informed and believe and thereon allege that the

10   copyrighted musical works of similarly situated class members have been

11   purchased by consumers from service providers.

12       20.    In breach of said contract, and/or in inducing said breach, Plaintiff

13   Grisman was not paid by WMG and/or Rhino for downloads of his copyrighted

14   musical works until after this action was filed and after Plaintiffs brought this

15   breach of contract to Defendant WMG's attention. Plaintiffs are informed and

16   believe and thereon allege that similarly situated copyright owners have either: (i)

17   not been paid by WMG and/or Rhino; or (ii) been paid by WMG and/or Rhino

18   only after this litigation was filed.

19       21.    Members of the Contract Class (defined below) who have been paid

20   all or part of the amounts due to them pursuant to their contracts with Defendants

21   WMG, Rhino, and/or their predecessors or subsidiaries after this action was filed

22   and after Plaintiffs brought this breach of contract to Defendant WMG's attention

23   are entitled not only to damages, but also to interest as a result of Defendants

24   WMG's and/or Rhino's belated payments.

25                    **GENERAL ALLEGATIONS**

26                 **RE COPYRIGHT INFRINGEMENT**

27       22.    As Defendants know, should know, and/or with reasonable diligence

28   could ascertain, many copyrighted musical works, including, without limitation,

8

1  Plaintiff Franklin's copyrighted musical work *The Groove* and those of the

2  Copyright Class (defined below), are protected by copyright, yet, without

3  authorization from Plaintiff Franklin and Copyright Class members, are and/or

4  were embodied on the servers and websites of the following Defendants: AOL,

5  Apple, Microsoft, RealNetworks, and Yahoo (hereinafter referred to as the

6  "Service Provider Defendants"). The Service Provider Defendants reproduce (i.e.,

7  make permanent copies of copyrighted works on servers controlled by the Service

8  Provider Defendants), and transmit, distribute and perform (i.e., transmit digital

9  copies of phonorecords embodying copyrighted musical works via the Internet) (or

10 have done so) Plaintiff Franklin's copyrighted musical work *The Groove* and those

11 of the Copyright Class.

12        23.    Defendants AOL, Apple, Microsoft, RealNetworks, and Yahoo have,

13 without authority from Plaintiff Franklin, reproduced Plaintiff Franklin's

14 copyrighted musical work *The Groove*. Plaintiffs are informed and believe and

15 thereon allege that Defendants AOL, Apple, Microsoft, RealNetworks, and Yahoo

16 offer or have offered for sale Plaintiff Franklin's copyrighted musical work *The*

17 *Groove* as a single and as part of Duncan Millar's Album *GOOD TO GO*.

18        24.    Plaintiffs are informed and believe and thereon allege that Plaintiff

19 Franklin's copyrighted musical work set forth above has been purchased by

20 consumers from the Service Provider Defendants.

21        25.    Plaintiffs are informed and believe and thereon allege that Defendants

22 Instinct and Does One through Four have made an agreement with the Service

23 Provider Defendants, whereby Instinct and Does One through Four have provided

24 the Service Provider Defendants with digital copies of sound recordings

25 embodying Plaintiff Franklin's musical work *The Groove*, and those of similarly

26 situated class members, for reproduction, performance, distribution, and sale by the

27 Service Provider Defendants to the public in the form of digital phonorecord

28 transmittals. Plaintiffs are further informed and believe and thereon allege that the

9

[Proposed] Second Amended Complaint for Copyright Infringement and Breach of Contract

1    Service Provider Defendants have paid and continue to pay Instinct and Does One

2    through Four fees or royalties for the sales by the Service Provider Defendants of

3    the sound recordings embodying Plaintiff Franklin's copyrighted musical work,

4    *The Groove*, and those of similarly situated class members, in digital phonorecord

5    transmittal form, have failed to seek permissions and pay royalties to Plaintiff

6    Franklin and similarly situated class members, but, instead, have left solely to

7    Instinct and Does One through Four the obligation to obtain from Plaintiff Franklin

8    and similarly situated class members permissions to use the applicable copyrighted

9    musical works and to make payment to Plaintiff Franklin and similarly situated

10   class members; and Instinct and Does One through Four have failed to do so.

11        26.    Plaintiffs are informed and believe and thereon allege that Instinct and

12   Does One through Four have provided the Service Provider Defendants with

13   digital copies of Franklin's copyrighted musical work, *The Groove*, and those of

14   similarly situated class members, for reproduction, distribution, performance, and

15   sale by the Service Provider Defendants in the form of digital phonorecord

16   transmittals.

17        27.    Plaintiffs are informed and believe and thereon allege that Instinct and

18   Does One through Four knowingly reproduced said copyrighted musical work of

19   Plaintiff Franklin, and, thereby, have made Plaintiff Franklin's copyrighted

20   musical work available to the public for public performance, and have otherwise

21   marketed and sold Plaintiff Franklin's copyrighted musical work, and those of

22   similarly situated class members, but said Defendants knowingly have not obtained

23   Plaintiff Franklin's authorization to reproduce, perform, make derivative copies,

24   and distribute Plaintiff's copyrighted musical work.  Instead, in violation of

25   Plaintiff Franklin's rights under copyright law, Defendants Instinct and Does One

26   through Four have willfully, intentionally, and purposefully facilitated, enabled,

27   induced, and materially contributed to infringing uses thereof, and/or refused to

28   exercise their ability to control or supervise infringing uses thereof from which

1  Defendants financially benefit, including by earning revenue from the overall

2  increase in user traffic and commercial value of their businesses and property

3  arising from the "draw" of infringing Plaintiff's and plaintiff class members'

4  copyrighted musical works.

5         28.    Plaintiffs are also informed and believe and thereon allege that

6  Defendant Ryko, in violation of Plaintiff Franklin's and similarly situated

7  Copyright Class members' rights under copyright law, and without their

8  permission, has reproduced, transmitted, distributed and/or performed Plaintiff

9  Franklin's copyrighted musical work *The Groove* and those of similarly situated

10  members of the Copyright Class.

11                    **CLASS ACTION ALLEGATIONS**

12         29.    Plaintiff Grisman brings this action on behalf of himself and all others

13  similarly situated, as members of the proposed breach of contract/inducing breach

14  of contract class against defendants WMG and Rhino.  The breach of

15  contract/inducing breach of contract class is composed of all persons or entities

16  who are parties to contracts with WMG, Rhino, and/or their predecessors or

17  subsidiaries, and who own, or are the beneficial owners of, copyrighted musical

18  works or portions thereof which were either (i) reproduced by service providers

19  and/or (ii) sold by service providers as digital phonorecord transmittals, for which

20  the copyright owners have either: (i) not been paid by WMG and/or Rhino; or (ii)

21  been paid by WMG and/or Rhino only after this litigation was filed (the "Contract

22  Class").

23         30.    Plaintiff Franklin brings this action on behalf of himself and all others

24  similarly situated, as members of the proposed copyright class against the Service

25  Provider Defendants, Defendant Instinct, and Defendant Ryko.  The copyright

26  class is composed of all persons or entities who own, or are the beneficial owners

27  of, copyrighted musical works or portions thereof which were either (i)

28  reproduced, transmitted, distributed and/or performed by Defendant Ryko; (ii)

11

1   reproduced by the Service Provider Defendants and/or (iii) sold by the Service

2   Provider Defendants as digital phonorecord transmittals, for which the copyright

3   owners did not grant the right(s) to do so, or for which a compulsory license

4   pursuant to 17 U.S.C. § 115 was not obtained by the Service Provider Defendants

5   (the "Copyright Class").

6        31.    Excluded from the Classes are UMG Recordings, Inc., Universal

7   Music & Video Distribution, Corp., Interscope Records, Motown Record

8   Company, L.P., EMI Group PLC, Capitol Records, Inc., Virgin Records America,

9   Inc., Warner Music Group, including, but not limited to Warner Bros. Records

10  Inc., Atlantic Recording Corporation, and Elektra Entertainment Group Inc.,

11  SONY BMG Music Entertainment, BMG Music, or any other record company

12  and/or record distribution entities owned, in whole or in part, by any of them ("the

13  Major Record Companies"), and the legal representatives, subsidiaries, heirs,

14  successors, assigns, of, and/or music publishing companies owned in whole or in

15  part by, the Major Record Companies, including, but not limited to

16  Warner/Chappell Music, Unichappell Music, Inc., WB Music Corp.,

17  Warner-Tamerlane Publishing Corp., Sony Music Publishing, BMG Music

18  Publishing, Universal Music Corp., Songs of Universal, Inc., Universal-PolyGram

19  International Publishing, Inc., Rondor Music International Publishing, Inc., EMI

20  Music Publishing, Beechwood Music Corp., Colgems-EMI Music Inc., EMI April

21  Music Inc., EMI Blackwood Music Inc., EMI Gold Horizon Music Corp., EMI

22  Golden Torch Music Corp., EMI Intertrax Music Inc., EMI Sosaha Music Inc.,

23  EMI Jemaxal Music Inc., EMI U Catalog Inc., EMI Unart Catalog Inc., EMI

24  Virgin Music, Inc., EMI Virgin Songs, Inc., Jobete Music Co., Inc., Screen

25  Gems-EMI Music Inc., SONY/ATV Tunes LLC, SONY/ATV Tree Publishing,

26  SONY/ATV Cross Keys Publishing, SONY/ATV Discos Music Publishing LLC,

27  SONY/ATV Milene Music, and SONY/ATV Acuff Rose Music.

28  ///

[Proposed] Second Amended Complaint for Copyright Infringement and Breach of Contract

32.    This action has been brought and may properly be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, to wit:

a.    Pursuant to Fed. R. Civ. P. 23(a)(1): The persons and/or entities in both the Contract Class and the Copyright Class are so numerous that the joinder of all such persons is impractical and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court;

b.    Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(b)(3): There is a well-defined community of interest in the questions of law and fact involved affecting the Contract and Copyright Classes. Questions of law and fact common to the Contract and/or Copyright Classes include, but are not limited to the following:

(i)    Whether Defendants WMG and/or Rhino breached contracts and/or induced breaches of contract with Plaintiff Grisman and members of the Contract Class;

(ii)    Whether Defendants WMG and/or Rhino paid Plaintiff Grisman and members of the Contract Class for sales of their copyrighted musical works;

(iii)    Whether Defendants WMG and/or Rhino paid Plaintiff Grisman and members of the Contract Class for sales of their copyrighted musical works only after this litigation was filed and/or after Plaintiffs brought this breach of contract to WMG's attention;

(iv)    Whether Defendants Instinct's and Ryko's and the Service Provider Defendants' reproduction and public performance of Plaintiffs Franklin's and the Copyright Class's copyrighted musical works constitute violations of the Copyright Law of the United States;

(v)    Whether Defendants Instinct and Ryko and the Service Provider Defendants acted willfully with respect to the acts complained of herein and with respect to the rights of Plaintiff Franklin and the Copyright Class; and

13

1           (vi)    Whether Plaintiffs and the Contract and Copyright

2 Classes are entitled to damages, restitution, and/or injunctive relief, as requested

3 herein.

4         These questions of law and fact predominate over questions that affect only

5 individual members of the Contract and Copyright Classes.

6          c.    Pursuant to Fed. R. Civ. P. 23(a)(3): The claims of Plaintiff

7 Grisman are typical of the claims of the Contract Class, and Plaintiff Grisman will

8 fairly and adequately represent the claims and interests of the Contract Class;

9          d.    Pursuant to Fed. R. Civ. P. 23(a)(3): The claims of Plaintiff

10 Franklin are typical of the claims of the Copyright Class, and Plaintiff Franklin

11 will fairly and adequately represent the claims and interests of the Copyright Class;

12          e.    Pursuant to Fed. R. Civ. P. 23(a)(4): Plaintiff Grisman is an

13 adequate representative of the Contract Class and will fairly and adequately protect

14 the interests of the Contract Class. Plaintiff Grisman's interests do not in any way

15 conflict with the interests of the members of the Contract Class which he seeks to

16 represent.

17          f.    Pursuant to Fed. R. Civ. P. 23(a)(4): Plaintiff Franklin is an

18 adequate representative of the Copyright Class and will fairly and adequately

19 protect the interests of the Copyright Class. Plaintiff Franklin's interests do not in

20 any way conflict with the interests of the members of the Copyright Class which he

21 seeks to represent.

22          g.    Pursuant to Fed. R. Civ. P. 23(a)(4): Plaintiffs are committed to

23 the vigorous prosecution of this action and have retained competent counsel

24 experienced in complex litigation and experienced in the Copyright Law of the

25 United States and actions to represent them. Plaintiffs anticipate no difficulty in

26 the management of this litigation as a class action.

27          h.    Pursuant to Fed. R. Civ. P. 23(b)(3): A class action is the best

28 available method for fair and efficient adjudication of this controversy. The

1    members of both the Contract and Copyright Classes are so numerous that the

2    joinder of all members is impracticable, if not impossible.  Since the damages

3    suffered by individual Contract and Copyright Class members, while not

4    inconsequential, may be relatively small, the expense and burden of individual

5    litigation make it impractical for members of the Contract and Copyright Classes to

6    seek redress individually for the wrongful conduct alleged herein.  Should separate

7    actions be required to be brought by each individual member of the Contract and

8    Copyright Classes, the resulting multiplicity of lawsuits would cause undue

9    hardship and expenses on the Court and the litigants.  The prosecution of separate

10   actions would also create a risk of inconsistent rulings that might be dispositive of

11   the interests of other Contract and Copyright Class members who are not parties to

12   the adjudications and/or may substantially impede their ability to protect their

13   interests.

14        33.    In addition, and/or alternatively, the Contract and Copyright Classes

15   may be certified under the provisions of Fed. R. Civ. P. 23(b)(1) and (b)(2)

16   because:

17        a.    The prosecution of separate actions by the individual members

18   of the Contract and Copyright Classes would create a risk of inconsistent or

19   varying adjudication of novel and important legal issues with respect to individual

20   Contract and Copyright Class members, which would establish incompatible

21   standards of conduct for Defendants;

22        b.    The prosecution of separate actions by individual Contract and

23   Copyright Class members would create a risk of adjudications with respect to them

24   which would, as a practical matter, be dispositive of the interests of other Contract

25   and Copyright Class members not parties to the adjudications, or substantially

26   impair or impede their ability to protect their interests; and

27        c.    Defendants have acted or refused to act on grounds generally

28   applicable to the Contract and Copyright Classes, thereby making appropriate final

[Proposed] Second Amended Complaint for Copyright Infringement and Breach of Contract

1  and injunctive relief with respect to the members of the Contract and Copyright

2  Classes as a whole.

3      34.    Plaintiffs propose that notice of this class action be provided by

4  individual mailings to Contract and Copyright Class members and/or by

5  publication in national or industry publications.

6                    **FIRST CLAIM FOR RELIEF**

7  **BREACH OF CONTRACT AND/OR INDUCING BREACH OF**

8                         **CONTRACT**

9  **(By Plaintiff Grisman, individually and doing business as Dawg Music,**

10      **on behalf of himself and all members of the Contract Class,**

11              **against Defendants WMG and Rhino)**

12     35.    Plaintiffs repeat and reallege each and every allegation contained in

13  the preceding and subsequent paragraphs of this Complaint with the same force

14  and effect as though set forth completely herein.

15     36.    Pursuant to written and/or implied contracts between Plaintiff

16  Grisman, on the one hand, and Defendant WMG, Rhino, and/or their predecessors

17  or subsidiaries, on the other hand, Grisman's copyrighted musical works,

18  including, but not necessarily limited to, *Dawgola, Janice, Dawg's Bull, 16/16,*

19  *EMD, Blue Midnite, Dawg's Rag, Pneumonia,* and *Ricochet*, were distributed and

20  sold by WMG, Rhino and/or their predecessors or subsidiaries, to the public

21  throughout the United States and internationally.  WMG, Rhino, and/or their

22  predecessors or subsidiaries entered into similar or identical contracts with

23  similarly situated plaintiff class members, for whom WMG, Rhino and/or their

24  predecessors or subsidiaries also distributed and sold their copyrighted musical

25  works to the public throughout the United States and internationally.

26     37.    Plaintiffs are informed and believe and thereon allege that Defendants

27  WMG and/or Rhino have made agreements with service providers (including, but

28  not limited to, Defendants AOL, Apple, Microsoft, RealNetworks, and Yahoo),

[Proposed] Second Amended Complaint for Copyright Infringement and Breach of Contract

1   whereby WMG and/or Rhino have provided them with digital copies of sound

2   recordings embodying Plaintiff Grisman's musical works, and those of similarly

3   situated plaintiff class members, for reproduction, performance, distribution, and

4   sale by the service providers to the public in the form of digital phonorecord

5   transmittals. Plaintiffs are further informed and believe and thereon allege that

6   service providers have paid and continue to pay WMG and/or Rhino a fee or

7   royalty for the sales by the service providers of the sound recordings embodying

8   Plaintiff Grisman's copyrighted musical works, and those of similarly situated

9   plaintiff class members, in digital phonorecord transmittal form; have failed to pay

10  royalties to Plaintiff Grisman and similarly situated plaintiff class members, but

11  instead, have left solely to WMG and/or Rhino the obligation to make payment to

12  Plaintiff Grisman and similarly situated class members; WMG and/or Rhino have

13  failed to timely do so, if at all; on information and belief, in the instances where

14  payments to similarly situated members of the class have been proffered by WMG

15  and/or Rhino, they were proferred only after this action was filed and after

16  Plaintiffs brought this breach of contract to Defendant WMG's attention.

17        38.    Plaintiffs are informed and believe and thereon allege that, pursuant to

18  the written and/or implied contracts between Plaintiff Grisman, on the one hand,

19  and Defendants WMG, Rhino, and/or their predecessors or subsidiaries, on the

20  other hand, when WMG and/or Rhino provided Grisman's copyrighted musical

21  works to service providers (including, but not limited to, Defendants AOL, Apple,

22  Microsoft, RealNetworks, and Yahoo) for sale to the public, WMG and/or Rhino

23  were required to pay Grisman for such sales. WMG, Rhino and/or their

24  predecessors or subsidiaries were also required to pay similarly situated class

25  members for such sales.

26        39.    Plaintiffs are informed and believe and thereon allege that Plaintiff

27  Grisman's copyrighted musical works, including, but not necessarily limited to,

28  *Dawgola, Janice, Dawg's Bull, 16/16, EMD, Blue Midnite, Dawg's Rag,*

1  *Pneumonia*, and *Ricochet* have been purchased by consumers from service

2  providers. Plaintiffs are further informed and believe and thereon allege that the

3  copyrighted musical works of similarly situated class members have been

4  purchased by consumers from service providers.

5       40.    In breach of said contract, and/or in inducing said breach, Plaintiff

6  Grisman was not paid by WMG and/or Rhino for downloads of his copyrighted

7  musical works until after this action was filed and after Plaintiffs brought this

8  breach of contract to Defendant WMG's attention. Plaintiffs are informed and

9  believe and thereon allege that WMG and/or Rhino have also not paid similarly

10  situated class members for their sales of their copyrighted musical works, or, if

11  they have, that they did so only after this action was filed and after Plaintiffs

12  brought this breach of contract to Defendant WMG's attention.

13       41.    As a proximate result of Defendants WMG's and Rhino's contractual

14  breaches and/or inducement of contractual breaches, Plaintiff Grisman and

15  members of the Contract Class have been damaged in an amount to be proven at

16  trial.

17       42.    Members of the Contract Class who have been paid all or part of the

18  amounts due to them pursuant to their contracts with Defendants WMG, Rhino,

19  and/or their predecessors or subsidiaries after this action was filed and after

20  Plaintiffs brought this breach of contract to Defendant WMG's attention are

21  entitled not only to damages in an amount to be proven at trial, but also to interest

22  as a result of Defendants WMG's and/or Rhino's belated payments.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1           **SECOND CLAIM FOR RELIEF**

2       **DIRECT COPYRIGHT INFRINGEMENT**

3 **(By Plaintiff Franklin, individually and doing business as Maicaboom Music,**

4       **on behalf of himself and all members of the Copyright Class,**

5 **against Defendants AOL, Apple, Microsoft, RealNetworks, Yahoo and Ryko)**

6      43.    Plaintiffs repeat and reallege each and every allegation contained in

7 the preceding and subsequent paragraphs of this Complaint with the same force

8 and effect as though set forth completely herein.

9      44.    Plaintiffs are informed and believe and thereon allege that Defendants

10 willfully, wantonly, and in conscious and intentional disregard of and with

11 indifference to the rights of Plaintiff Franklin and the Copyright Class under the

12 U.S. Copyright Act [17 U.S.C. §§ 101, *et seq.*] reproduced, distributed, and

13 publicly performed in the United States, caused to be reproduced, distributed, and

14 publicly performed in the United States, and aided, abetted, contributed to, and

15 participated in the unauthorized reproduction, distribution and public performance

16 of the copyrighted musical works of Plaintiff Franklin and of the Copyright Class,

17 both in the United States and internationally, which Defendants either knew, or

18 should reasonably have known were protected by copyright, and continue to

19 infringe Plaintiff Franklin's and the Copyright Class's rights in and to the

20 copyrighted musical works of Plaintiff Franklin and of the Copyright Class.

21      45.    As a direct and proximate result of their wrongful conduct,

22 Defendants have realized and continue to realize profits and other benefits

23 rightfully belonging to Plaintiff Franklin and members of the Copyright Class.

24 Accordingly, Plaintiffs seek an award of damages pursuant to 17 U.S.C. §§ 504

25 and 505.

26      46.    Defendants' infringing conduct has also caused and is causing

27 substantial and irreparable injury and damage to Plaintiff Franklin and to the

28 Copyright Class in an amount not capable of determination, and, unless restrained,

1  will cause further irreparable injury, leaving Plaintiff Franklin and the Copyright

2  Class with no adequate remedy at law.

3      47.    Defendants have willfully engaged in, and are willfully engaged in,

4  the acts complained of in conscious disregard of the rights of Plaintiff Franklin and

5  of the Copyright Class.  Plaintiffs are therefore entitled to the maximum statutory

6  damages allowable pursuant to 17 U.S.C. § 504(c).

7                    **THIRD CLAIM FOR RELIEF**

8            **CONTRIBUTORY COPYRIGHT INFRINGEMENT**

9  **(By Plaintiff Franklin, individually and doing business as Maicaboom Music,**

10          **on behalf of himself and all members of the Copyright Class**

11       **whose copyrighted musical works were distributed by Instinct,**

12                    **against Defendant Instinct)**

13      48.    Plaintiffs repeat and reallege each and every allegation contained in

14  the preceding and subsequent paragraphs of this Complaint with the same force

15  and effect as though set forth completely herein.

16      49.    Plaintiffs are informed and believe and thereon allege that Defendants

17  Instinct and Does One through Four knowingly and systematically have and

18  continue to materially contribute to, intentionally induce, and/or cause

19  unauthorized reproductions, distributions, and/or public performances of Plaintiff

20  Franklin's copyrighted musical work and those of similarly situated members of

21  the Copyright Class, and thus materially contribute to, intentionally induce, and/or

22  cause the infringement of Plaintiff Franklin's copyrighted musical work and those

23  of similarly situated members of the Copyright Class, and Plaintiff Franklin's

24  exclusive rights under copyright therein, and those of similarly situated members

25  of the Copyright Class.

26      50.    Each infringement by the above-described Defendants in and to

27  Plaintiff Franklin's copyrighted musical work, and those of similarly situated

28  members of the Copyright Class, constitutes a separate and distinct act of

infringement, and the above-described Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of Plaintiff Franklin and those of similarly situated Copyright Class members.

51.     As a direct and proximate result of the infringements by the above-described Defendants, Plaintiff Franklin and similarly situated members of the Copyright Class are entitled to damages and the above-described Defendants' profits in amounts to be proven at trial which are not currently ascertainable. If necessary, Plaintiffs will seek leave to amend this Complaint to state the full amount of such damages and profits when such amounts have been ascertained.

52.     Alternatively, Plaintiff Franklin and each similarly situated member of the Copyright Class are entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C. § 504(c).

53.     Plaintiff Franklin and similarly situated members of the Copyright Class further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

54.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff Franklin and similarly situated members of the Copyright Class have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe and on that basis allege that unless enjoined and restrained by this Court, the above-described Defendants will continue to infringe Plaintiff Franklin's rights in and to Plaintiff's copyrighted musical works and those of similarly situated members of the Copyright Class. Plaintiff Franklin and similarly situated members of the Copyright Class are entitled to preliminary and permanent injunctive relief.

///

///

///

21

## FOURTH CLAIM FOR RELIEF

## VICARIOUS COPYRIGHT INFRINGEMENT

**(By Plaintiff Franklin, individually and doing business as Maicaboom Music,**

**on behalf of himself and all members of the Copyright Class**

**whose copyrighted musical works were distributed by Instinct,**

**against Defendant Instinct)**

55.    Plaintiffs repeat and reallege each and every allegation contained in the preceding and subsequent paragraphs of this Complaint with the same force and effect as though set forth completely herein.

56.    Plaintiffs are informed and believe and thereon allege that Defendants Instinct and Does One through Four have the right and ability to supervise and/or control the infringing conduct of the Service Provider Defendants.  Defendants Instinct and Does One through Four have refused to exercise such supervision and/or control to the extent required by law.  As a direct and proximate result of such refusal, the above-described Defendants have infringed Plaintiff Franklin's copyrighted musical work, and those of similarly situated Copyright Class members, including by reproducing, distributing, and publicly performing said Plaintiff's musical work and those of similarly situated members of the Copyright Class.

57.    The above-described Defendants derive a direct financial benefit, including but not limited to, the increased traffic and increase in value of the above-described Defendants' business arising from the "draw" of infringing Plaintiff Franklin's copyrighted musical work, and those of the Copyright Class.

58.    Each infringement by the above-described Defendants in and to Plaintiff Franklin's copyrighted musical works, and those of similarly situated members of the Copyright Class, constitutes a separate and distinct act of infringement, and the above-described Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of Plaintiff Franklin and

22

1    similarly situated members of the Copyright Class.

2        59.    As a direct and proximate result of the infringements by the above-

3    described Defendants, Plaintiff Franklin and similarly situated members of the

4    Copyright Class are entitled to damages and the above-described Defendants'

5    profits in amounts to be proven at trial which are not currently ascertainable. If

6    necessary, Plaintiffs will seek leave to amend this Complaint to state the full

7    amount of such damages and profits when such amounts have been ascertained.

8        60.    Alternatively, Plaintiff Franklin and similarly situated members of the

9    Copyright Class are entitled to the maximum statutory damages in the amount of

10   $150,000 with respect to each work infringed, or for such other amounts as may be

11   proper under 17 U.S.C. § 504(c).

12       61.    Plaintiff Franklin and similarly situated members of the Copyright

13   Class are further entitled to their attorneys' fees and full costs pursuant to 17

14   U.S.C. § 505.

15       62.    As a direct and proximate result of the foregoing acts and conduct,

16   Plaintiff Franklin and similarly situated members of the Copyright Class have

17   sustained and will continue to sustain substantial, immediate, and irreparable

18   injury, for which there is no adequate remedy at law. Plaintiffs are informed and

19   believe and on that basis allege that unless enjoined and restrained by this Court,

20   the above-described Defendants will continue to infringe Plaintiff Franklin's rights

21   in and to Plaintiff's copyrighted musical work, and those of the Copyright Class.

22   Plaintiffs are entitled to preliminary and permanent injunctive relief.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

[Proposed] Second Amended Complaint for Copyright Infringement and Breach of Contract

1    **FIFTH CLAIM FOR RELIEF**

2    **INDUCING COPYRIGHT INFRINGEMENT**

3    **(By Plaintiff Franklin, individually and doing business as Maicaboom Music,**

4    **on behalf of himself and all members of the Copyright Class**

5    **whose copyrighted musical works were distributed by Instinct,**

6    **against Defendant Instinct)**

7    63.    Plaintiffs repeat and reallege each and every allegation contained in

8    the preceding and subsequent paragraphs of this Complaint with the same force

9    and effect as though set forth completely herein.

10    64.    Plaintiffs are informed and believe and thereon allege that, through

11    their conduct as alleged herein, Defendants Instinct and Does One through Four

12    have infringed Plaintiff Franklin's copyrighted musical work, and those of

13    similarly situated  members of the Copyright Class, by inducing the Service

14    Provider Defendants to reproduce, distribute, and/or publicly perform audio works

15    embodying Plaintiff Franklin's copyrighted musical work, and those of similarly

16    situated members of the Copyright Class, without authorization in violation of

17    Sections 106, 115, and 501 of the Copyright Act, 17 U.S.C. §§ 106, 115, and 501.

18    65.    Each infringement by the above-described Defendants in and to

19    Plaintiff Franklin's copyrighted musical work, and those of similarly situated

20    members of the Copyright Class, constitutes a separate and distinct act of

21    infringement, and the above-described Defendants' acts of infringement are

22    willful, in disregard of and with indifference to the rights of Plaintiff Franklin and

23    those of similarly situated members of the Copyright Class.

24    66.    As a direct and proximate result of the infringements by the above-

25    described Defendants, Plaintiff Franklin and similarly situated members of the

26    Copyright Class are entitled to damages and the above-described Defendants'

27    profits in amounts to be proven at trial which are not currently ascertainable.  If

28    necessary, Plaintiffs will seek leave to amend this Complaint to state the full

[Proposed] Second Amended Complaint for Copyright Infringement and Breach of Contract

1   amount of such damages and profits when such amounts have been ascertained.

2       67.    Alternatively, Plaintiff Franklin and similarly situated members of the

3   Copyright Class are entitled to the maximum statutory damages in the amount of

4   $150,000 with respect to each work infringed, or for such other amounts as may be

5   proper under 17 U.S.C. § 504(c).

6       68.    Plaintiff Franklin and similarly situated members of the Copyright

7   Class are further entitled to their attorneys' fees and full costs pursuant to 17

8   U.S.C. § 505.

9       69.    As a direct and proximate result of the foregoing acts and conduct,

10  Plaintiff Franklin and similarly situated members of the Copyright Class have

11  sustained and will continue to sustain substantial, immediate, and irreparable

12  injury, for which there is no adequate remedy at law.  Plaintiffs are informed and

13  believe and on that basis allege that unless enjoined and restrained by this Court,

14  the above-described Defendants will continue to infringe Plaintiff Franklin's rights

15  in and to Plaintiff's copyrighted musical works and those of similarly situated

16  members of the Copyright Class.  Plaintiffs are entitled to preliminary and

17  permanent injunctive relief.

18                          **PRAYER FOR RELIEF**

19      WHEREFORE, Plaintiffs respectfully request of the Court the following

20  relief:

21      1.    That Defendants WMG and Rhino be required to pay to Plaintiff

22  Grisman and the Contract Class damages for WMG's and Rhino's breaches of

23  contracts and/or inducement of contract breaches, in an amount to be determined at

24  trial;

25      2.    That Defendants WMG and Rhino be required to account for all

26  amounts owed to Plaintiff Grisman and members of the Contract Class under their

27  contracts;

28  ///

                                     25

3.     That Defendants WMG and Rhino be required to pay interest, attorneys' fees, and costs for all amounts paid to Plaintiff Grisman and members of the Contract Class after this litigation was filed;

4.     That Defendants Instinct, Ryko, AOL, Apple, Microsoft, RealNetworks, and Yahoo, their respective agents, servants, employees, officers, attorneys, successors and assigns, and all of these persons actively in concert or participation with each or any of them, be preliminarily and permanently enjoined from continuing to directly or indirectly infringe upon the copyrights of Plaintiff Franklin and the Copyright Class in any manner, and from reproducing, performing, distributing, causing to be reproduced, performed, distributed, contributing to, or participating in the unauthorized reproduction, performance, and distribution of the copyrighted musical works of Plaintiff Franklin and the Copyright Class.

5.     That Defendants Instinct, Ryko, AOL, Apple, Microsoft, RealNetworks, and Yahoo be required to pay to Plaintiff Franklin and the Copyright Class such damages and profits as provided by 17 U.S.C. § 504 for each separate infringement of the copyrights of Plaintiff Franklin and of the Copyright Class, or alternatively, that Defendants Instinct, Ryko, AOL, Apple, Microsoft, RealNetworks, and Yahoo be required to pay statutory damages in the amount of $150,000 with respect to each infringement, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504;

6.     That Defendants Instinct, Ryko, AOL, Apple, Microsoft, RealNetworks, and Yahoo be required to account for all gains, profits, and advantages derived by them from their acts of infringement;

7.     That all gains, profits, and advantages derived from Defendants Instinct, Ryko, AOL, Apple, Microsoft, RealNetworks, and Yahoo from their acts of infringement are deemed to be held in constructive trust for the benefit of Plaintiff Franklin and the Copyright Class;

[Proposed] Second Amended Complaint for Copyright Infringement and Breach of Contract

1       8.     That Plaintiffs and the Contract and Copyright Classes recover

2  Plaintiffs' and the Contract and Copyright Classes' costs of this action, including

3  without limitation, reasonable attorneys' fees;

4       9.     That each Defendant pay to Plaintiffs and to the Classes an award of

5  prejudgment interest according to the proof;

6       10.    That Defendants WMG and Rhino bear the costs for notice and

7  administration of the Contract Class by mail or by appropriate publication, or both;

8       11.    That Defendants Instinct, Ryko, AOL, Apple, Microsoft,

9  RealNetworks, and Yahoo bear the costs for notice and administration of the

10  Copyright Class by mail or by appropriate publication, or both; and

11       12.    That Plaintiffs and the Contract and Copyright Classes have such

12  other and further relief as the Court deems just and proper.

13                                                            Respectfully Submitted,

14  Dated:  January 11, 2008                  STRANGE & CARPENTER

15

16                                         By: _____
                                         Brian R. Strange

17                                         Gretchen Carpenter
                                       Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Second Amended Complaint for Copyright Infringement and Breach of Contract

1

### DEMAND FOR JURY TRIAL

2    Plaintiffs hereby request a trial by jury on all issues triable by jury.

3                                            Respectfully Submitted,

4    Dated:  January 11, 2008              STRANGE & CARPENTER

5

6                                          By: _____
                                              Brian R. Strange
7                                             Gretchen Carpenter
                                              Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Second Amended Complaint for Copyright Infringement and Breach of Contract

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

  I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; the address at my place of business is:

12100 Wilshire Blvd., Ste. 1900
Los Angeles, CA 90025

  On January 15, 2008, I served the forgoing document, described as:
**[PROPOSED] SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT**
on the interested parties in this action
**[ x ] ECF or  [  ]  by placing**  [  ]  the original  [ x ]  a true copy thereof to in an envelope addressed only as follows:

Scott A. Edelman, Esq.
Carol M. Silberberg, Esq.
Brenda Kleidosty, Esq.
Gibson Dunn & Crutcher LLP
2029 Century Park East, #4000
Los Angeles, California 90067
Tel: 310-552-8500
Fax: 310-552-7041
sedelman@gibsondunn.com
csilberberg@gibsondunn.com
bkleidosty@gibsondunn.com

Cynthia S. Arato, Esq.
Gibson Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166-0193
Tel: 212-351-4000
Fax: 212-351-4035
carato@gibsondunn.com

*Attorneys for Defendants Warner Music Group Corp.; AOL Music Now, LLC; Buy.com, Inc.; Microsoft Corporation; Napster LLC; Real Networks Digital Music of California, Inc.; and Yahoo!Inc.*

Daniel Scott Schecter, Esq.
Colin Vandell, Esq.
Latham & Watkins LLP
633 West Fifth Street, Suite 4000
Los Angeles, California 90071
Tel: 213-485-1234
Fax: 213-891-8763
daniel.schecter@lw.com
colin.vandell@lw.com

*Attorneys for Defendant Apple Computer, Inc.*

1  Jeffrey L. Graubart, Esq.
   LAW OFFICES OF JEFFREY L. GRAUBART
2  350 West Colorado Blvd., Suite 200
   Pasadena, California 91105
3  Tel: 626-304-2800
   Fax: 626-304-2807
4  info@jlgraubart.com

5  *Co-Counsel for Plaintiffs*

6  [ X ]  VIA ECF

7  [   ]  I deposited such an envelope in the mail at Los Angeles, California.  The
   envelope was mailed with postage thereon fully prepaid.
8
   [ X ]  As follows:  I am "readily familiar" with the firm's practice of collection and
9  processing correspondence for mailing.  Under that practice it would be deposited
   with U.S. postal service on that same day with postage thereon fully prepaid at Los
10 Angeles, California.  I am aware that on motion of party served, service is
   presumed invalid if postal cancellation date or postage meter date is more than one
11 day after date of deposit for mailing in affidavit.

12 [   ]  BY PERSONAL SERVICE

13     I delivered such envelope to the addressee by hand.
       Executed on January 15, 2008, at Los Angeles, California.
14
   [   ]  (State)      I declare under penalty of perjury under the laws of the State of
15                     California that the above is true and correct.

16 [ X ]  (Federal)    I declare that I am employed in the office of a member of the
                       bar of this court at whose direction the service was made.
17

18                                                    Jill Hood

19

20

21

22

23

24

25

26

27

28