SCOTT A. EDELMAN (SBN 116927)
BRENDA L. KLEIDOSTY (SBN 234987)
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, California 90067-3026
Telephone: (310) 552-8500
Facsimile: (310) 552-7041

CYNTHIA S. ARATO (SBN 156856)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Attorneys for Defendant
WARNER MUSIC GROUP CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GRISMAN and CRAIG MILLER, individually and collectively, and doing business as DAWG MUSIC, and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER MUSIC GROUP CORP.; APPLE COMPUTER, INC.; MICROSOFT CORPORATION; AOL MUSIC NOW, LLC; YAHOO!, INC.; NAPSTER, LLC; REALNETWORKS DIGITAL MUSIC OF CALIFORNIA INC.; BUY.COM, INC.; and DOES ONE through TEN, inclusive,<br><br>Defendants. | CASE NO. CV 07 2921 (VBF) (MAN)<br><br>**DEFENDANT WARNER MUSIC GROUP'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Assigned to the Honorable Valerie Baker Fairbank, Courtroom 9<br><br>Action filed: May 3, 2007<br>Trial date: Not set |

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................... 1

STATEMENT OF FACTS ........................................................................................ 2

ARGUMENT ............................................................................................................. 3

    I.    The Appropriate Standard of Review .......................................................... 3

    II.   Joinder Is Improper Because Plaintiffs Have Not Alleged A Right To Relief By Or Against Each Plaintiff Or Defendant Arising Out Of The Same Transaction or Occurrence ........................................................... 5

        A.    The Parties and Claims At Issue Do Not Overlap ............................ 5

        B.    Plaintiffs' Claims Do Not Arise Out Of The Same Transaction Or Occurrence ............................................................ 7

    III.  Joinder Is Improper Because Plaintiffs Have Not Alleged A Common Issue of Fact .................................................................................. 9

    IV.  Plaintiffs' Motion Should Be Denied Because Permitting Joinder In This Case Would Not Serve the Policies Underlying Rule 20(a) ................. 10

CONCLUSION ....................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bridgeport Music, Inc. v. 11C Music,*
   202 F.R.D. 229 (D. Tenn. 2001) ................................................................. 7, 8

*Caton v. Barry,*
   500 F. Supp. 45 (D.D.C. 1980) .................................................................. 4, 9

*Chavez v. Illinois State Police,*
   251 F.3d 612 (7th Cir. 2001) ......................................................................... 5

*Coughlin v. Rogers,*
   130 F.3d 1348 (9th Cir. 1997) .................................................................. 5, 10

*DCD Programs, Ltd. v. Leighton,*
   833 F.2d 183 (9th Cir. 1987) ......................................................................... 3

*Desert Empire Bank v. Insurance Co. of North America,*
   623 F.2d 1371 (9th Cir. 1980) ............................................................... 3, 4, 11

*DIRECTV v. Loussaert,*
   218 F.R.D. 639 (S.D. Iowa 2003) .................................................................. 8

*Hinson v. Norwest Financial South Carolina, Inc.,*
   239 F.3d 611 (4th Cir. 2001 ........................................................................... 4

*Hulex Music v. C.F. Maint. & Prop. Mgmt., Inc.,*
   115 F.R.D. 303 (D. Neb. 1987) ...................................................................... 8

*Pena v. McArthur,*
   889 F. Supp. 403 (E.D. Cal. 1994) ............................................................. 6, 9

*Philips Elecs. N. Am. Corp. v. Contec Corp.,*
   220 F.R.D. 415 (D. Del. 2004) ....................................................................... 8

*Rappoport v. Steven Spielberg, Inc.,*
   16 F. Supp. 2d 481 (D.N.J. 1998) ................................................................... 8

*SAES Getters S.p.A. v. Aeronex, Inc.,*
   219 F. Supp. 2d 1081 (S.D. Cal. 2002) .......................................................... 3

*Smith v. N. Am. Rockwell Corp.,*
   50 F.R.D. 515 (N.D. Okla. 1970) ................................................................. 10

*Smith v. Planned Parenthood of St. Louis Region,*
   225 F.R.D. 233 (E.D. Mo. 2004) .................................................................... 8

*Trail Realty, Inc., v. Beckett,*
   462 F.2d 396 (10th Cir. 1972) ........................................................................ 6

*Vulcan Soc'y of Westchester County v. Fire Dep't of City of White Plains,*
   82 F.R.D. 379 (S.D.N.Y. 1979) ..................................................................... 6

**Rules**

Fed. R. Civ. P. 15 ................................................................................................. 3
Fed. R. Civ. P. 15(a) ............................................................................................ 4
Fed. R. Civ. P. 20 ......................................................................... 3, 4, 6, 7, 9, 11
Fed. R. Civ. P. 20(a) ....................................................................... 1, 4, 5, 6, 8, 11

ii

# TABLE OF AUTHORITIES
## [Continued]

Page(s)

Fed. R. Civ. P. 20(a)(1)-(2)..................................................................................4

**Treatises**

7 *Federal Practice and Procedure* § 1652 (3d ed. 2001) ...............................5

iii

Defendant Warner Music Group Corp. ("Warner") respectfully submits this opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint.

## INTRODUCTION

This Court should deny Plaintiffs' motion for leave to file their proposed Second Amended Complaint on the grounds that Plaintiffs seek to join separate and distinct claims and parties that are not properly joined under Rule 20(a) of the Federal Rules of Civil Procedure. The prior pleadings in this action all asserted copyright infringement claims against an overlapping group of digital music providers and record companies alleged to have exploited certain plaintiffs' copyrighted musical compositions without consent. In the new proposed pleading, one plaintiff, David Grisman, seeks to replace his copyright claim with a claim for breach of contract to be asserted against two defendants only, and another plaintiff, Rodney Franklin, seeks to bring separate and independent copyright infringement claims against entirely different defendants. There is *no* overlap between Grisman's proposed breach of contract and Franklin's copyright claims: they involve *different* plaintiffs alleging *different* legal theories against *different* defendants. At bottom, the pleading artificially combines two different lawsuits that have no business being prosecuted together and that never would have been combined but for the fact that Grisman has abandoned his infringement claims and seeks to replace them with a distinct breach of contract action. Plaintiffs' separate and distinct claims cannot be properly joined under Rule 20(a) of the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' motion for leave to amend should be denied to the extent it seeks to join Grisman's breach of contract claim with Franklin's copyright claim.[1]

---

[1] Warner does not object to the proposed Second Amended Complaint to the extent it seeks to substitute Rodney Franklin as a copyright plaintiff. Nor does Warner object to the filing by Plaintiff Grisman of a separate complaint alleging Grisman's breach of contract claim. Warner merely objects to the filing of a Second Amended Complaint that improperly joins two distinct sets of claims and parties.

## STATEMENT OF FACTS

This action commenced on May 3, 2007, with the filing of an initial Complaint brought by Plaintiffs David Grisman, Craig Miller and The Music Force, LLC, alleging various claims of copyright infringement against recording companies Warner and SONY BMG MUSIC ENTERTAINMENT and a group of digital music providers (the "Digital Music Providers") with respect to various musical compositions that Plaintiffs allegedly owned and controlled. (Docket at 1)

A First Amended Complaint was filed on or about May 10, 2007, which continued to assert copyright infringement claims only, albeit on behalf of a somewhat different group of plaintiffs (Grisman and Craig Miller); against a somewhat different group of defendants (Warner, Universal Music Group and the Digital Music Providers); and concerning different musical compositions. (Docket at 5)

Plaintiffs subsequently sought to file a Second Amended Complaint. In its current form, Plaintiffs' proposed Second Amended Complaint alleges two different causes of action, each of which is brought by a different plaintiff against a different set of defendants.[2]

First, Grisman seeks to bring a breach of contract claim against Warner and its indirect subsidiary Rhino Entertainment Company ("Rhino"). Grisman alleges in this claim that Warner and/or Rhino are parties to a written or implied contract with Grisman, pursuant to which recordings were sold containing a number of Grisman's copyrighted musical compositions. (Second Am. Compl. ¶ 16) Grisman further alleges that, although Warner and/or Rhino paid him the publishing royalties due as a result of their exploitation of his works, they failed to do so in a timely manner. (*Id.* ¶ 20) Accordingly, Grisman asserts a claim for breach of contract against Warner and/or Rhino seeking to recover interest as a result of Warner and/or Rhino's alleged

---

[2] In its initial iteration, this pleading embraced copyright plaintiffs and musical compositions no longer part of the proposed pleading now before this Court. (Pl.'s Br. at iii n.1).

belated payments. (*Id.* ¶ 20) Grisman brings this claim on behalf of himself and others, including copyright owners who allegedly have not been paid the royalties due and owing them by Warner and/or Rhino.

Second, Rodney Franklin ("Franklin") seeks to bring various copyright claims (including for direct, contributory and vicarious infringement) against Ryko Corporation, Instinct Records, a number of the Digital Music Providers and certain Does. (*Id.* ¶¶ 23, 25 and 28) The copyright infringement claim alleges that these defendants improperly exploited Franklin's musical composition (in physical or digital form) without license authority. (*Id.*)

## ARGUMENT

### I.  The Appropriate Standard of Review

The decision to grant or deny a motion for leave to amend is governed by the district court's discretion. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). In exercising its discretion, this Court should examine each case on its facts and gauge the propriety of granting leave to amend accordingly. *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). In particular, amendment of the pleadings should not be permitted if the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side and futility of amendment. *DCD Programs*, 833 F.2d at 186.

Contrary to Plaintiffs' contention, this Court can and should deny a motion for leave to amend if the proposed pleading violates Rule 20 of the Federal Rules of Civil Procedure and seeks to join claims or parties that should not be joined. Indeed, the Ninth Circuit has made clear in *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371 (9th Cir. 1980), that a motion to amend is governed by Rule 15 and Rule 20 of the Federal Rules. As the Ninth Circuit stated:

> *plaintiff's petition to amend its pleadings to add Schulte as a party defendant brings into consideration Rules 15 and 20 of the Federal Rules of Civil Procedure. . . . In conjunction with Rule 15, Rule 20 . . . allows*

the permissive joinder of parties. . . . We conclude that . . . the district court correctly allowed his joinder pursuant to the provisions for permissive joinder under Rule 20.

*Id.* at 1374 (emphasis added); *see also Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) ("[A] court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)."); *Caton v. Barry*, 500 F. Supp. 45, 54 (D.D.C. 1980) (denying motion for leave to amend in connection with consideration of improper joinder).[3]

    Rule 20(a) provides:

(1) ***Plaintiffs***. Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

(2) ***Defendants***. Persons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(1)-(2).

---

[3] Notably, Plaintiffs cite no cases in which a court declined to consider Rule 20 in connection with a motion to amend. Rather, Plaintiffs cite solely to cases holding that Rule 20 should not be used as grounds to dismiss (as opposed to sever) claims alleged in an already operative complaint. (Pl.'s Br. at 8-9)

Rule 20(a) thus imposes two independent requirements before joinder is allowed: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction of occurrence; and (2) some question of law or fact common to all the parties must arise in the action. *Id.*; *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *Desert Empire Bank*, 623 F.2d at 1375.

In addition, "Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense." *Coughlin*, 130 F.3d at 1351. Accordingly, this Court has discretion to deny joinder if it determines that joinder will not foster the objectives of the rule, but will result in "prejudice, expense, or delay." *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 (3d ed. 2001)).

Plaintiffs' proposed amended complaint — which seeks to combine two different lawsuits into one — satisfies neither of the bedrock requirement of Rule 20(a) and would not serve the purposes of this Rule. Accordingly, Plaintiffs' motion to amend should be denied.

## II. Joinder Is Improper Because Plaintiffs Have Not Alleged A Right To Relief By Or Against Each Plaintiff Or Defendant Arising Out Of The Same Transaction or Occurrence

Joinder is not proper in this case because Plaintiffs have not sufficiently alleged a right to relief by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence. Fed. R. Civ. P. 20(a). The claims asserted by the two *different* plaintiffs have *nothing* in common and they are asserted against *different* sets of defendants. It is axiomatic in such a setting that joinder is improper.

### A. The Parties and Claims At Issue Do Not Overlap

Unlike the typical joinder, there is no overlap whatsoever between the claims or parties that Plaintiffs seek to join.

For example, a typical joinder claim involves one plaintiff (P1) asserting claims against one or more defendant(s) (D1 and D2), along with a second plaintiff (P2) asserting identical or related claims against one or more of the same defendants (D1



and D2). One example of this is illustrated as follows:

On the other hand, the instant case involves a claim brought by one plaintiff (P1) against one set of defendants (D1) and a wholly independent claim brought by another plaintiff (P2) against another set of defendants (D2). This case is illustrated as



follows:

The lack of overlap here demonstrates that the Plaintiffs' proposed claims are not properly joined. *See, e.g, Pena v. McArthur*, 889 F. Supp. 403, 406 (E.D. Cal. 1994) ("Rule 20 'does not contemplate joinder, where . . ., an existing attempt is made to incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues.'") (quoting *Trail Realty, Inc., v. Beckett*, 462 F.2d 396, 400 (10th Cir. 1972)); *Vulcan Soc'y of Westchester County v. Fire Dep't of City of White Plains*, 82 F.R.D. 379, 390 (S.D.N.Y. 1979) (Rule 20(a) requires "that there be asserted a minimum of one claim against all the defendants.").[4]

---

[4] Not surprisingly, all of the cases cited by Plaintiffs in support of joinder of their claims follow the traditional joinder paradigm discussed above. *See* Pl.'s Br. at 8-9. None involve the situation here, where each Plaintiff has asserted a different claim against different defendants. *Id.*

### B. Plaintiffs' Claims Do Not Arise Out Of The Same Transaction Or Occurrence

Plaintiffs' claims also do not arise out of the same transaction or occurrence. Plaintiffs allege that their breach of contract and copyright claims are "logically related" because they concern certain of the Digital Music Providers' sales of digital downloads of Plaintiffs' copyrighted works. (Pl.'s Br. at 11) Yet the fact that Plaintiffs' works were exploited digitally is of no significance: it is irrelevant to Warner/Rhino's alleged contractual royalty payment obligations, which extend to many different media, and to Franklin's infringement claims, which embrace both the physical *and* digital exploitation of his works. Accordingly, Plaintiffs' alleged "logical relation" is insufficient to constitute a common transaction or occurrence as required by Rule 20(a).

In addition, each of Plaintiffs' claims concern different copyright works. Grisman's breach of contract claim concerns nine musical compositions — *Dawgola, Janice, Dawg's Bull, 16/16, EMD, Blue Midnite, Dawg's Rag, Pneumonia*, and *Ricochet*, and Franklin's copyright claim concerns an entirely different work, *The Groove*. (Second Am. Cplt. ¶¶ 16, 22) This fact too requires that Plaintiffs' claims not be joined. For example, numerous courts have found that infringement claims (much less an infringement claim coupled with a breach of contract claim) regarding different copyrighted works do not share a common transaction or occurrence as required under Rule 20. In *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229 (D. Tenn. 2001), a consortium of recording companies and music publishers brought suit against a number of music publishers, recording labels, entertainment companies, copyright clearance companies, and performing rights organizations alleging, inter alia, copyright infringement as a result of defendants' "sampling" of music owned by the plaintiffs. *Id.* at 231. The court found that the defendants were misjoined because plaintiffs' claims did not arise out of the same transaction or occurrence — plaintiffs' claims arose out of separate instances of "sampling." *Id.* at 233. As the court

7

explained, "[t]he fact that certain Defendants were involved in the production, publishing, and distribution of more than one allegedly offending song does not, in itself, cause these songs to be related occurrences in the manner contemplated by Rule 20(a)." *Id.* at 232; *see also Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 496 (D.N.J. 1998) (severing a plaintiff's claims against defendants where plaintiff alleged copyright infringement in separate works in different media); *see also Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) ("Allegations of [patent] infringement against two unrelated parties based on different acts do not arise from the same transaction.").

In addition, one court declined to join breach of contract and copyright infringement claims arising out of a defendant's alleged infringement of a common set of copyrighted works (much less the different works at issue here), on the ground that the claims involved separate transactions and occurrences for joinder purposes. *See Hulex Music v. C.F. Maint. & Prop. Mgmt., Inc.*, 115 F.R.D. 303, 304 (D. Neb. 1987) (denying joinder of plaintiff's infringement claim against defendant restaurant/club owner with defendant's breach of contract claim against plaintiff's licensing agent). Thus, courts have rejected the joinder of claims having a much closer nexus than the attenuated one proffered by Plaintiffs here.

Because Plaintiffs have not sufficiently alleged a right to relief by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, joinder of Plaintiffs' breach of contract and copyright infringement claims would be improper under Rule 20(a) and Plaintiffs' motion to amend should be denied.[5]

---

[5] *See also DIRECTV v. Loussaert*, 218 F.R.D. 639, 642 (S.D. Iowa 2003) ("Although the same transaction or occurrence requirement of Rule 20 may be construed liberally, this does not mean joinder is proper in the absence of a transactional link."); *Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 246 (E.D. Mo. 2004) ("[T]he mere fact that both plaintiffs became pregnant several years apart and chose to go to defendant's facility for different reasons is not

[Footnote continued on next page]

### III. Joinder Is Improper Because Plaintiffs Have Not Alleged A Common Issue of Fact

Plaintiffs' motion also should be denied because Plaintiffs' proposed claims involve *no* common issue of fact. Plaintiffs contend that such a common issue exists solely because Grisman's breach of contract and Franklin's copyright claims both concern whether Plaintiffs' works were sold by the Digital Music Providers as digital downloads. (Pl.'s Br. at 13) While this may be true in the most theoretical and abstract sense, it is of no relevance here because the songs at issue in Grisman's breach of contract claim are completely different than the song at issue in Franklin's copyright infringement claims. Thus, Grisman's claim concerns nine musical compositions allegedly exploited by Warner and/or Rhino pursuant to licenses from Grisman, and Franklin's claim concerns a different song allegedly exploited by certain of the Digital Music Providers (but not Warner or Rhino) without license authority.[6] (Second Am. Cplt. ¶¶ 16, 22) Thus, at best, each claim involves a separate question of fact: whether the songs *at issue in that claim* were sold by the Digital Music Providers as digital downloads.[7] And, as set forth above, Franklin's claims extend to the physical,

---

[Footnote continued from previous page]
enough of a logical or factual connection to satisfy the same transaction or occurrence requirement.").

[6] Similarly, Grisman purports to assert claims on behalf of a class of owners of musical compositions licensed to Warner and/or Rhino, whereas Franklin asserts claims on behalf of a class of owners of different musical compositions exploited by different defendants. (Second Am. Cplt. ¶¶ 16, 22)

[7] Even if the Court were to find that a common issue of fact exists as to whether Plaintiffs' copyrighted works were sold by the Digital Music Providers as digital downloads, joinder would still be improper. *See, e.g., Caton,* 500 F. Supp. at 54 (denying motions to add party plaintiffs and to amend the complaint when proposed joinder would "substantially alter the character and scope of the proceedings" and when the claims of the proposed new plaintiffs involved "discrete questions of fact" only "tangentially related" to the original proceeding); *Pena,* 889 F. Supp. at 406 ("Although *some* similar factual issues may exist between the claims, plaintiff is attempting to join different defendants in two different actions presenting different factual and legal issues; Rule 20 does not contemplate such a joinder.").

as well as digital, exploitation of his works. For this reason as well, joinder is improper and Plaintiffs' motion to amend should be denied.

### IV. Plaintiffs' Motion Should Be Denied Because Permitting Joinder In This Case Would Not Serve the Policies Underlying Rule 20(a)

Permitting joinder in this case would not serve the policies underlying Rule 20. Plaintiffs implicitly concede that the legal issues are *vastly* different for the breach of contract and copyright infringement claims, including with respect to every one of those claims' prima facie elements and defenses. Joining plaintiffs' claims will thus not promote judicial economy because it would force this Court to consider in one action a multitude of unrelated and different elements and defenses. *See e.g.*, *Coughlin*, 130 F.3d at 1351 (finding that "the interests of justice are not served by joinder of the Plaintiffs in this case" and that "trial efficiency will not be promoted" because "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court"); *Smith v. N. Am. Rockwell Corp.*, 50 F.R.D. 515, 522 (N.D. Okla. 1970) (finding improper joinder where the determination of the facts, the scope of the testimony, and the defenses relating thereto, with respect to each plaintiff bore little resemblance to the issues raised by the other plaintiffs).

Similarly, there will be no overlap in the discovery related to the breach of contract and copyright claims. The breach of contract claim is relatively straightforward and will require discovery regarding the identity of the contracting parties (Warner or Rhino); the contract terms; the amount of money (here, interest) allegedly owed; and various contract defenses.

The copyright claim is far more complex. It will require discovery of, among other things, whether infringement occurred; whether certain defendants (other than Warner or Rhino) induced, contributed to, or are vicariously responsible for other defendants' alleged infringement; and whether defendants acted "willfully." In addition, we expect that the Digital Music Providers will defend against the copyright infringement claims on the grounds that they relied on third parties to obtain the

necessary licenses and thus discovery from these third parties will be necessary to substantiate both the existence of such licenses and, potentially, an "innocent infringer" defense. Plaintiffs also have conceded that indemnity issues regarding third parties may be raised. (Pl.'s Br. at 13) This third party discovery is wholly irrelevant to Grisman's breach of contract claim. In fact, Warner anticipates that no third party discovery will be necessary relating to Grisman's breach of contract claim. Finally, the damages at issue in the copyright case are likely to be complex, requiring discovery of defendants' profits as well as a variety of factors relevant to statutory damages awards.

Joinder is also inappropriate in this case because it would violate principles of fundamental fairness. *See Desert Empire Bank*, 623 F.2d at 1375 ("Although the specific requirements of Rule 20 . . . may be satisfied, a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness."); *cf.* Pl.'s Br. at 10 (district court acts within its discretion in permitting joinder under Rule 20(a) where "the fairest and most expeditious way to dispose of these claims was to try them together"). As discussed above, allowing Plaintiffs to amend their complaint to join Grisman's breach of contract with Franklin's copyright claim would unduly prejudice Warner and Rhino by enmeshing them in more lengthy and complex copyright infringement claims. In this case, the fairest and most expeditious way to dispose of these completely separate and independent claims would be to litigate them separately.

## CONCLUSION

For the foregoing reasons, Warner Music Group Corp. respectfully requests that this Court deny Plaintiffs' motion for leave to file a Second Amended Complaint to the extent it seeks to join Grisman's breach of contract and Franklin's copyright claims.

Dated: February 4, 2008

SCOTT A. EDELMAN
CYNTHIA S. ARATO
BRENDA L. KLEIDOSTY
GIBSON, DUNN & CRUTCHER LLP

By: _____
Cynthia S. Arato

Attorneys for Defendant
WARNER MUSIC GROUP CORP.